ANNA GAROFALO ET AL. *v.* NEWMAN E. ARGRAVES,
HIGHWAY COMMISSIONER

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued October 6—decided November 22, 1960

*Albert A. Garofalo,* for the appellants (plaintiffs).

*Jack Rubin,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (defendant).

SHEA, J. The highway commissioner, acting under what is now § 13-145 of the General Statutes, filed with the clerk of the Superior Court an appraisal of damages for the taking of property owned by the plaintiffs. They applied for a reassessment of the damages under authority of § 13-150. The court appointed a state referee for that purpose and he filed a report reassessing the amount of damages due. The plaintiffs' motion to correct the report was denied by the referee; exceptions to the report were overruled by the court; the report was accepted and judgment was rendered thereon. The plaintiffs have appealed.

The property consisted of four separate parcels of land situated in Fairfield. The referee heard extensive testimony and viewed the premises. All the property was zoned as light industrial, and the referee found that this use was the highest and best for it. Although the plaintiffs claimed in their briefs and in argument that the referee incorrectly valued the property as a unit and on an acreage basis, this claim is without support in the record. Each parcel was considered separately and damages assessed for it. The plaintiffs also asserted that the report is contrary to the evidence and that the referee erred in finding that the highest and best use of three of the parcels was commercial rather than industrial. This amounts to a claim that the findings of the referee should have been corrected. The plaintiffs filed an appendix to their brief which contained only a copy of the motion to correct the referee's report. We note, in passing, that the motion does not follow

the suggested form. See Practice Book, Form No. 448. By the motion, the plaintiffs sought to make additions to, or substitutions for, the facts found in the report. Because the appendix fails to incorporate any evidence, it is impossible for us to consider the plaintiffs' claim that the findings of the referee should have been corrected. See Practice Book §§ 415, 447, 448; Maltbie, Conn. App. Proc. §§ 330, 331.

Another claim of the plaintiffs is that the referee erred in failing to include in the report sufficient subordinate facts to justify its acceptance. The record does not show that the plaintiffs made any request for a finding of subordinate facts. Ordinarily, the report of a referee should state only the ultimate facts found and the conclusions reached. Practice Book § 168; *Hollister* v. *Cox*, 131 Conn. 523, 525, 41 A.2d 93. Either party, however, may request a finding of subordinate facts and the rulings made by the referee. Practice Book § 168; *State* v. *Giant's Neck Land & Improvement Co.*, 118 Conn. 350, 355, 172 A. 861. The facts found and the conclusions reached in the report must be adequate to support the judgment. *Rice* v. *Rice*, 134 Conn. 440, 445, 58 A.2d 523. Where a party desires to attack the findings of subordinate facts, he must file a motion to correct the report. Practice Book § 171. If the referee does not make the claimed corrections, exceptions to the report must be filed in court. Practice Book § 173. These exceptions must be accompanied by a transcript of the evidence taken before the referee, apart from such portions as the parties may stipulate to omit. Corrections will not be made in the report unless a material fact has been found without evidence, or there has been a failure to find an admitted or undisputed fact, or a fact has been

found in such doubtful language that its real meaning does not appear. Practice Book § 173. Failure to file evidence in support of these claims leaves the court powerless to make any correction in the finding. *Northeastern Gas Transmission Co.* v. *Warren,* 144 Conn. 217, 222, 128 A.2d 783.

The appendix to the defendant's brief clearly shows that the referee was justified in finding that the highest and best use of the plaintiffs' land was for industrial purposes. The value fixed by him was based upon these purposes. This conclusion must stand unless he committed some error in law. *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 583, 153 A.2d 420; *Morgan* v. *Hill,* 139 Conn. 159, 161, 90 A.2d 641.

The final claim of the plaintiffs, that the report is erroneous on its face, is without merit. It appears that the referee accepted the values placed upon the property by one of the appraisers who testified before him. It was the privilege of the trier to adopt this testimony as his own assessment of the damages. *Sibley* v. *Middlefield,* 143 Conn. 100, 108, 120 A.2d 77; *Clark* v. *Haggard,* 141 Conn. 668, 674, 109 A.2d 358; see *Greenberg* v. *Electric Boat Co.,* 142 Conn. 404, 408, 114 A.2d 850.

There is no error.

In this opinion the other judges concurred.