## ROWAN CONSTRUCTION CORPORATION *v.* ZEF HASSANE
## (13579)

HEALEY, SHEA, GLASS, COVELLO and HULL, Js.

Argued November 2, 1989—decision released January 2, 1990

*Lawrence D. Church,* with whom, on the brief, was *Cheryl Brienza Cook,* for the appellant-appellee (defendant).

*Mark F. Katz,* for the appellee-appellant (plaintiff).

PER CURIAM. The plaintiff, Rowan Construction Corporation, instituted this action to recover a deposit made pursuant to a contract to purchase real estate from the defendant, Zef Hassane, and the defendant counterclaimed for unspecified damages. In accordance with the attorney state trial referee's report, judgment was rendered for the defendant on both the complaint and the counterclaim. The plaintiff appealed this judgment to the Appellate Court which rendered an amended judgment for the defendant on the counterclaim. *Rowan Construction Corporation* v. *Hassane,* 17 Conn. App. 71, 549 A.2d 1085 (1988). We granted certification on the defendant's appeal and the plaintiff's cross appeal, limited to the following questions: (1) Did the Appellate Court err in concluding that the plaintiff's objection to the report of the trial referee was untimely; and (2) If the objection was untimely, did the Appellate Court err in concluding that plenary review of the plaintiff's objection was nonetheless warranted?

The underlying facts are set forth fully in the decision of the Appellate Court. Id., 73–75. For the purpose of this appeal, we are concerned with the following. At the close of the pleadings on the plaintiff's complaint and the defendant's counterclaim, the court, sua sponte, assigned the action to an attorney state trial referee for hearing. Id., 73. In a finding of fact and decision, dated January 8, 1986, the referee "found" for the defendant on the complaint and on the

counterclaim, assessing the defendant's damages at $55,682.93. Both parties moved to correct these findings and on May 21, 1987, the referee filed a corrected finding, increasing the award of damages on the counterclaim to $120,682.93. Id., 74. The plaintiff appealed to the Appellate Court from the judgment rendered on the referee's corrected report claiming, inter alia, error in accepting the report of the referee and in awarding damages to the defendant. Id., 72.

The plaintiff's challenge in the Appellate Court to the trial court's acceptance of the referee's report was based on two objections it had filed to that report. On May 28, 1987, the plaintiff had filed an "objection to state trial referee reference" of the case on the sole ground that the matter had been referred without its express consent. Id., 74. The plaintiff had filed a further objection to the referee's report on June 15, 1987, that reiterated its objection of May 28, and included substantive objections to the report specified in Practice Book § 440.[1] The Appellate Court found that the May 28 objection to the referee's report was implicitly overruled on August 6, 1987, by the rendering of judgment in accordance with the referee's reports. Id., 78. The court stated that the objection to the referee's report filed on May 28, 1987, was not a basis for challenge contemplated by Practice Book § 440. Id., 79. The court concluded, therefore, that the timely filing of the May 28 objection did not prevent the June 15 objection from being untimely. The court thus held that the June 15 objection, which included the substantive challenges to the report, was clearly untimely because it

---

[1] Practice Book § 440 provides in relevant part: "A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted."

was not filed within two weeks of the date of the referee's corrected report as mandated by Practice Book § 441.[2] Id., 78.

Despite its finding that the plaintiff made no valid objection to the acceptance of the referee's report, the Appellate Court nevertheless concluded that the trial court had "erred substantially" when it rendered judgment in the amount of $120,682.93, citing Practice Book § 4185[3] as its authority to find error in the judgment even though the procedural problems would ordinarily bar the plaintiff's claim on appeal. Id., 79. The court found error in the measure of damages on the counterclaim and remanded the case with direction to render judgment on the counterclaim in a lesser amount. Id., 81. On certification to this court, the defendant claims that the Appellate Court correctly concluded that the plaintiff's objection to the acceptance of the referee's report was untimely, but erred in concluding that plenary review of the plaintiff's objection was nonetheless warranted. The plaintiff claims, conversely, that the Appellate Court erred in its ruling on the timeliness of the plaintiff's objection to the referee's report, but correctly concluded that review of this objection was warranted, despite the untimely objection.

Of primary significance in this case is the defendant's failure to object in the trial court, on the ground of untimeliness, to the plaintiff's June 15 objection to the

---

[2] "[Practice Book] § 441. TIME TO FILE OBJECTIONS

"Objections to the acceptance of a report shall be filed within two weeks after the filing of the report or finding, or if a motion to correct the report or finding has been made, within two weeks from the filing of the decision on the motion."

[3] "[Practice Book] § 4185. (Formerly Sec. 3063). ERRORS CONSIDERED

"The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The supreme court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

referee's corrected finding. The first time the defendant raised this objection was in his brief to the Appellate Court. We conclude, therefore, that *Lo Sacco* v. *Young,* 210 Conn. 503, 555 A.2d 986 (1989), decided after the Appellate Court's opinion in this case, is, by clear and cogent analogy, dispositive of the issues before us.

In *Lo Sacco,* the sole issue was whether the Appellate Court had erred in limiting its review of the plaintiff's claims to plain error based on the plaintiff's untimely filing of a motion to set aside the verdict and for a new trial, even though the defendants had not objected to the untimely motion. The Appellate Court declared, sua sponte, that the untimeliness of the plaintiff's motion was dispositive of the appeal, noting that Practice Book § 320 required such a motion to be filed within five days from the day the verdict is accepted or the judgment is rendered, which the plaintiff had failed to do. The court found no plain error and the plaintiff appealed to this court. Id., 505. We agreed with the defendant's contention that the filing deadline in Practice Book § 320 is a mandatory requirement. Id., 507. We then stated that the more important question before us was whether the time limit under Practice Book § 320 was a substantive requirement or a procedural requirement. Id., 507–508. We stated that "[i]f it is the former, noncompliance with the rule is a jurisdictional defect that may be raised on the court's own motion, but if it is the latter, any defect caused by noncompliance with the rule may be waived by the opposing party and thus may not be raised by the court sua sponte." Id., 508. We then concluded that the time limitation of Practice Book § 320 is procedural rather than substantive, and that the Appellate Court had erred in raising the timeliness issue sua sponte, because the defendants had waived the nonjurisdictional defect. Id., 508–509.

We turn now to the certified questions before us. We first must note that in applying the rationale of *Lo Sacco* to this case, we make no distinction between the term "must" in Practice Book § 320 involved in *Lo Sacco* and the term "shall" in Practice Book § 441 involved in this case. "We have held other rules of practice that employ the term 'must' or a similar term to be mandatory. See *Hughes* v. *Bemer*, 200 Conn. 400, 402–403, 510 A.2d 992 (1986); see also *Blonder* v. *Hartford Helicopters, Inc.*, 209 Conn. 618, 619–20, 552 A.2d 427 (1989); *Burton* v. *Planning Commission*, 209 Conn. 609, 613–14, 553 A.2d 161 (1989)." *Lo Sacco* v. *Young*, supra, 507. We thus conclude that the Appellate Court was correct in finding that the plaintiff's objection to the referee's report was untimely. The court erred, however, in not finding this delay to be a procedural defect waived by the defendant's failure to object to the untimeliness in the trial court. This error does not require reversal of the Appellate Court's decision since that court, even though it erred in using the plain error standard of review, reached a result which the plaintiff-cross appellant seeks to sustain in this court. The defendant, likewise, cannot claim that a decision reached under the rigorous plain error standard would not necessarily have been reached under the ordinary civil standard of review. Although the court's conclusion that plenary review of the plaintiff's objection was warranted was erroneous, it is academic in view of our decision in this case.

The judgment of the Appellate Court is affirmed.