[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO CORRECT #122
The present case involves a boundary dispute between abutting landowners. On August 8, 1990, the plaintiff, William Logozzo, filed the present action, pursuant to General Statutes Sec. 47-34, against the defendant, Thomas Reynolds. The plaintiff alleges that on June 30, 1990, the defendant removed and retained possession of a border fence that the plaintiff erected on plaintiff's property. The defendant argues that the plaintiff's fence was erected on the defendant's property and in his counterclaim seeks to quiet title under General Statutes Sec. 47-31.
On February 20, 1992, the defendant moved to have the court appoint a committee, pursuant to General Statutes Sec. 47-34, to make a determination as to the actual location of the boundary at issue. The Honorable Judge Satter was appointed as the committee/referee.
The committee conducted a separate hearing and on-site examination of the subject properties. On September 21, 1992, the report of committee was filed with the court which included a finding that the defendant was the rightful owner of the land on which the plaintiff had erected his fence.
On November 4, 1992, the defendant filed a motion for judgment on the report of the committee, pursuant to Practice Book Sec. 442. The following day, the plaintiff filed the present motion to correct the committee's findings pursuant to Practice Book Sec. 438.
The plaintiff argues that the report of the committee was not consistent with the facts or evidence presented and that it was not in conformity with statutory or case law. CT Page 819
The defendant argues that the plaintiff's motion to correct is untimely and should be denied based on Practice Book Sec. 438 and Sec. 441 which mandates a two week limit to file a motion to correct after the report of committee has been filed with the court.
 Practice Book Sec. 438 provides in relevant part that
 [i]f either party desires to have the report or the finding corrected by striking out any of the facts found, or by adding further facts, or by stating the claims of the parties made before the committee, or by setting forth rulings upon evidence or other rulings of the committee, he shall within two weeks after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions desired by him.
In support, Practice Book Sec. 441 provides that "[o]bjections to the acceptance of a report shall be filed within two weeks after the filing of the report or finding, or if a motion to correct the report or finding has been made, within two weeks from the filing of the decision on the motion." Practice Book Sec. 441.
In the present case, the committee report and findings were filed on September 21, 1992. The plaintiff's objection to the committee report and findings was filed on November 5, 1992, thirty-one days beyond the deadline established by General Statutes Sec. 441. The two week time limit for filing an objection to the committee report under Practice Book Sec. 438 and Sec. 441 is a mandatory requirement. Rowan Construction Corporation v. Hassane, 213 Conn. 337, 342,567 A.2d 1210 (1990). Additionally, the plaintiff did not file a request for an extension of time for filing pursuant to Practice Book Sec. 444.
The plaintiff's failure to timely file a motion to correct within the two week period following the filing of the committee report provides a valid ground for the present motion to correct being denied pursuant to Practice Book Sec. 438 and Sec. 441. Accordingly, said motion is denied. CT Page 820
JOHN WALSH, J.