[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S EXCEPTION TO ATTORNEY TRIAL REFEREE'S REPORTDATED NOVEMBER 28, 1995 (NO. 120)
On December 6, 1993, the plaintiff, United Illuminating Company, filed a complaint alleging it had provided electrical services for which the defendant, Hi-Ho Mall Shopping Ventures, Inc., had not paid.[1] The matter was tried before an attorney trial referee on March 10 and March 29, 1995. Both parties submitted post-trial briefs by the agreed deadline of June 19, 1995. The attorney trial referee issued his report dated October 16, 1995.[2]
The attorney trial referee found the following facts. The plaintiff provided electrical services to the property known as the Hi-Ho Mall Shopping Centers. It was located at 745 Lafayette CT Page 5163-O Street, 745 Broad Street and 875 Broad Street. The property was owned by the defendant since it acquired title by an undated executor's deed from the estate of F. Francis D'Addario recorded on August 14, 1992. The president of the defendant corporation is the son of F. Francis D'Addario and the executor of his estate. The defendant acquired title to the property, subject to the leases, real estate taxes and other obligations. At the time the defendant took title to the property there was a substantial balance past due in the approximate amount of $288,430 for electrical services. After the defendant acquired title to the property, it received monthly bills from the plaintiff at the same address as its predecessor in interest, each bill referencing a substantial balance due, late fees and interest in addition to current monthly charges. Although the plaintiff customarily will "final" a bill upon the sale of property by a customer, it is under no legal obligation to do so. At no time prior to the selling the property in 1994 did the defendant dispute the calculation or amount of the past due balance. The defendant had made payment on the billing in the same manner as had its predecessor in title, paying varying amounts either more or less than the actual amounts billed for any specific month. The plaintiff applied these payments, not to the most recent month of usage, but to the earliest due balance.
The attorney trial referee found the actions of the defendant to be deceptive. He found that the plaintiff justifiably relied upon the deceptive action of defendant and as a result thereof did not make an earlier claim for payment from the defendant's predecessor in title. The attorney trial referee recommended that judgment enter in favor of the plaintiff in the amount of $463,313.27.
If a party wishes to challenge any findings of fact or rulings made by the referee in the report, he or she may file a motion to correct within two weeks of the filing of the report pursuant to Practice Book § 438. If the attorney trial referee fails to correct a report as requested, the moving party may file exceptions seeking correction of the report by the court within ten (10) days after the decision on the motion to correct has been filed. Practice Book § 439. Within two weeks after the filing of a report; or if a motion to correct the report has been made, within two weeks from the filing of the decision on the motion; objections to the acceptance of the report should also be filed. Rowan Construction Corp. v. Hassane, 213 Conn. 337,340 n. 2, 567 A.2d 1210 (1990). CT Page 5163-P
On November 2, 1995, the defendant filed a motion to correct. On November 17 1995, the attorney trial referee denied the motion to correct.[3] On November 14, 1995, the plaintiff filed a memorandum in opposition of the defendant's motion to correct and its own motion to correct. On November 28, 1995, the defendant filed exceptions to the report of the attorney trial referee. On December 1, 1995, the defendant filed objections to the report. On December 8, 1995, the plaintiff filed an objection to the defendant's exceptions and an objection to the objections filed by the defendant. On December 8, 1995, the plaintiff also filed a brief in support of acceptance of the report of the attorney trial referee.
"The reports of [attorney trial] referees are `reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Practice Book §§ 428 through 445.'"[4] Dills v. Enfield, 210 Conn. 705, 712-13,557 A.2d 515 (1989). The trial court shall render judgment as the law requires upon the facts as found by the attorney trial referee. Id., 713; Practice Book § 443. The court is bound by the attorney trial referee's findings of facts although not by his conclusions of law. Pilato v. Kapur, 22 Conn. App. 282, 283,576 A.2d 1315, cert. granted, 216 Conn. 813, 580 A.2d 59 (1990).
If the referee fails to correct a report as requested, the moving party may file exceptions seeking correction of the report by the court. Practice Book § 439; Garofalo v. Argraves,147 Conn. 685, 687, 166 A.2d 158 (1960). The defendant claims in its exceptions that the evidence presented to the attorney trial referee do not support his finding that the defendant did not contest the charges before it sold the property in 1994. It challenges the referee's factual conclusion that the actions of the defendant were deceptive. The defendant claims that the damages amount recommended by the attorney trial referee was more than the amount owed for electrical services because it also included taxes, late fees and other charges.
"Upon conflicting evidence, it is peculiarly within the province of the trier of fact to judge the credibility of the witnesses and to draw proper inferences." DeLuca v. C. W.Blakeslee Sons Inc., 174 Conn. 535, 547, 391 A.2d 170 (1978). The attorney trial referee weighed the testimony and explicitly found that the defendant did not challenge the amount billed for electrical services until after it sold the property. He found CT Page 5163-Q the defendant's conduct to be deceptive in nature. The court, therefore, will not substitute the plaintiff's contentions for the factual findings of the attorney trial referee.
"A party may file objections to the acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his [or her] rulings. Practice Book § 440." Bernardv. Gershman, 18 Conn. App. 652, 655, 559 A.2d (1989). "Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee." Id., 656. The court need not accept the referee's legal conclusions, and may make its own independent analysis based on the facts as determined by the attorney trial referee. See Dills v. Enfield, supra, 210 Conn. 713;Rostenberg-Doern v. Weiner, 17 Conn. App. 294, 298-301,552 A.2d 827 (1989).
The defendant contends in its objection that the damages recommended by the attorney trial referee should be reduced to $158,545.79 because it should not be liable for service provided to the defendant's predecessor. It claims that absent a writing signed by the defendant to pay the debts of the predecessor, the statute of frauds bars a finding of any agreement. The defendant also claims that the factual conclusion of the attorney trial referee that its actions were deceptive is improper.
General Statutes § 52-550, Connecticut's provision for the statute of frauds, requires certain agreements to be in writing to be enforceable. "When the statute of frauds is claimed, the doctrine of estoppel may be applied to prevent the use of that statute to accomplish a fraud. . . . There are two essential elements to an estoppel — the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done. . . . [T]he acts of part performance generally must be such as are done by the party seeking to enforce the contract, in pursuance of the contract, and with the design of carrying the same into execution, and must also be done with the assent, express or implied, or knowledge of the other party, and be such acts as alter the relations of the parties. The acts must be of such a character that they can be naturally and reasonably accounted for in no other way than by CT Page 5163-R the existence of some contract in relation to the subject matter in dispute." (Citations omitted; internal quotation marks omitted.) DeLuca v. C. W. Blakeslee Sons Inc., supra, 174 Conn. 544-45.
The attorney trial referee specifically found that the conduct of the defendant was deceptive in nature. He found that the plaintiff relied on the conduct to its detriment by not making a claim for the past due amount on the defendant's predecessor in title. The defendant is therefore estopped from claiming the statute of frauds. A party may not use the statute of frauds to accomplish fraud. DeLuca v. C. W. Blakeslee SonsInc., supra, 544. The court, therefore, will not interfere with this conclusion of the attorney trial referee.
The objection to the acceptance of the report of the attorney trial referee is overruled. The court enters judgment in accordance with the report of the attorney trial referee.
JOHN W. MORAN, JUDGE