[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO ACCEPTANCE OF ATTORNEYTRIAL REFEREE'S DECISION (No. 124)
On June 7, 1993, pursuant to General Statutes § 12-117a
and § 12-119, the plaintiff, Poughkeepsie Shopping Centers, Inc., filed an appeal of the real property assessment from the defendant, the Board of Tax Review of the Town of Stratford. The plaintiff alleged that the defendant's assessment of October 1, 1992 was excessive and that the tax owed on the faulty assessment was therefore excessive. The plaintiff amended the application on March 16, 1994, August 5, 1994, and November 3, 1995, adding claims that the valuations of its property and the taxes it owed on the property were excessive for the years 1993 and 1994.
The matter was tried before an attorney trial referee. On June 16, 1995, the attorney trial referee filed his report. The CT Page 5123-PP attorney trial referee found the following facts. The plaintiff's predecessor in title purchased the property on April 13, 1989, for $2,460,000. The structure that was on the property was torn down and a new shopping center was constructed in 1990, by means of a construction mortgage in the sum of $3,900,000. The property was foreclosed upon on January 3, 1992. On March 3, 1992, the plaintiff purchased the property for $1,150,000. On October 1, 1991, the Town of Stratford reevaluated the property, assessing it for tax purposes at $1,739,990 (pursuant to General Statutes § 12-62a(b), seventy percent of the assessed fair market value of $2,485,700). After the plaintiff appealed this assessment to the Board of Tax Review, Stratford reduced the tax assessment to $1,554,600 on April 14, 1993 (seventy percent of the reduced fair market value of $2,220,860).
The attorney trial referee found that the defendant's assessment of the property was proper. The defendant's appraiser used the sales comparison approach, relying on five comparable sales in his sales comparison analysis. Four of the properties were located in Stratford and one property was located in Milford. These sales all occurred prior to October 1, 1991, and none of the sales were bank sales. The plaintiff's appraiser based his evaluation upon the use of comparable sales as of October 1, 1993, and then extrapolated from these numbers the evaluation of the property for October 1, 1991. The defendant also offered the testimony of its assessor who used the income approach to calculate the market rental rate. The attorney trial referee found that there had not been misfeasance or nonfeasance by the defendant's taxing authorities.
If a party wishes to challenge any findings of fact or rulings made by the referee in the report, he or she may file a motion to correct within two weeks of the filing of the report pursuant to Practice Book § 438. If the attorney trial referee fails to correct a report as requested, the moving party may file exceptions seeking correction of the report by the court within ten (10) days after the decision on the motion to correct has been filed. Practice Book § 439. Within two weeks after the filing of a report; or if a motion to correct the report has been made within two weeks from the filing of the decision on the motion; objections to the acceptance of the report should also be filed. Rowan Construction Corp. v. Hassane, 213 Conn. 337, 340
n. 2, 567 A.2d 1210 (1990).
On July 31, 1995, the plaintiff filed an amended motion to CT Page 5123-QQ correct.[1] On August 4, 1995, the attorney trial referee denied the motion to correct. On August 14, 1995, the plaintiff filed exceptions to the report. Also on August 14, 1995, the plaintiff filed objections to the report.
"The reports of [attorney trial] referees are . . . `reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Practice Book §§ 428 through 445.1'"[2] Dills v. Enfield, 210 Conn. 705, 712-13,557 A.2d 515 (1989). The attorney trial referee sits as a finder of fact. National Elevator Industry Pension Welfare EducationFund v. Scrivani, 31 Conn. App. 728, 733, 626 A.2d 1332 (1993), reversed on other grounds, 229 Conn. 817, 644 A.2d 327 (1994). "The report of a [referee] shall state . . . the facts found and the conclusions drawn therefrom. . . . The report should ordinarily state only the ultimate facts found. . . ." Practice Book § 434. The trial court shall render judgment as the law requires upon the facts as found by the attorney trial referee.Dills v. Enfield, supra, 210 Conn. 713; Practice Book § 443. The court is bound by the attorney trial referee's findings of facts although not by his conclusions of law. Pilato v. Kapur,22 Conn. App. 282, 283, 576 A.2d 1315, cert. granted, 216 Conn. 813,580 A.2d 59 (1990).
Exceptions to a report "must be accompanied by a transcript of the evidence taken before the referee. . . . Corrections will not be made in the report unless a material fact has been found without evidence, or there has been a failure to find an admitted or undisputed fact, or a fact has been found such doubtful language that its real meaning does not appear. . . . Failure to file evidence in support of these claims leaves the court powerless to make any correction in the finding. Garofalo v.Argraves, 147 Conn. 685, 687-8, 166 A.2d 158 (1960).
The plaintiff claims that the attorney trial referee improperly gave more weight to the defendant's expert testimony on the assessment value of the property. The plaintiff challenges the defendant's experts' manner of assessment on a number of grounds. The attorney trial referee, however, explicitly discredited the plaintiff's expert and found in favor of the defendant's experts. The court will not substitute the plaintiff's unsupported contentions for the factual findings of the attorney trial referee.
"A party may filed objections to the acceptance of the report CT Page 5123-RR on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his [or her] rulings. Practice Book § 440." Bernardv. Gershman, 18 Conn. App. 652, 655, 559 A.2d (1989). "Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support int he[in the] facts found by the referee." Id., 656. The court need not accept the referee's legal conclusions, and may make its own independent analysis based on the facts as determined by the attorney trial referee. See Dills v. Enfield, supra, 210 Conn. 713;Rosentenberg-Doern v. Werner, 17 Conn. App. 294, 298-301,552 A.2d 827 (1989).
"The goal of property valuation is to determine the `present, true and actual value' of the subject property. . . . `The process of valuation at best is a matter of approximation.'"First Bethel Associates v. Bethel, 231 Conn. 731, 738,651 A.2d 1279 (1995) (determining that on appeal the scope of review is limited because it is a question of fact for the trier as to whether the method used for valuation appears in reason and logic to accomplish a just result). The attorney trial referee evaluated the assessment of the property by both the plaintiff and the defendant according to the guidelines set out by §12-63 et seq., and determined that the defendant's assessment was proper. The court, therefore, will not interfere with this conclusion of the attorney trial referee. The plaintiff has not provided the court with evidence that the attorney trial referee made a finding without evidence, or that he failed to find an admitted or undisputed fact. As such, the conclusions of the attorney trial referee must stand.
The objection to the acceptance of the report of the attorney trial referee is overruled and judgment is entered in accordance with the report of the attorney trial referee.
JOHN W. MORAN, JUDGE