[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 25, 1993, the plaintiff, Nemeth/Martin Personnel Consulting, Inc. (hereinafter Nemeth/Martin), initiated a seven count action against the defendant alleging breach of contract; tortious breach of contract; breach of good faith and fair dealing; fraud; unfair trade practices; unjust enrichment; and quantum meruit. This suit arose out of alleged services rendered by the plaintiff as requested by the defendant in performing an accounts receivable and matrix conversion projects. The matter was tried before an attorney trial referee. On February 21, 1997, the trial referee issued his report. The referee found the following facts.
The plaintiff brought this action in seven counts, specially pleading a claim to damages, punitive damages, attorney's fees and prejudgment interest. The defendant pleaded no special defenses, but by counterclaim asserted that the plaintiff was the party that breached the agreement between the parties and claimed CT Page 7023 damages for this breach. The trial referee narrowed the issue in this case as follows: Did the plaintiff provide professional services pursuant to an agreement, express or implied, between the parties and, if so, were these services provided in a reasonably timely and professional workmanlike manner? The plaintiff was claiming the value of these services of $17,190.55 plus attorney's fees and prejudgment interest. The defendant acknowledges an agreement but alleged the plaintiff breached the agreement by failing to provide qualified employees to the defendant, by failing to complete tasks in a competent manner, and by failing to perform in a timely manner. The defendant claimed damages of $36,298.35. The referee found that in early 1992, due to concerns with its prior computer consultants, the defendant contacted the plaintiff regarding computer programming and consulting services at its business. On April 9, 1992, the parties entered into a contract under which plaintiff provided the services of Palumbo, a computer programmer. This contract was for two days. Palumbo worked for the defendant after the two day period, and the defendant paid for these services when presented with the plaintiff's bills. No further contracts were signed after the one dated April 9, 1992. The referee found that the plaintiff had established by the evidence that the parties entered into a contract for computer services on an hourly basis of $65 per hour, and the defendant would pay for these services. The evidence did not establish that Gallo and Surace devoted unreasonable amounts of time to complete the projects. Ultimately, the defendant terminated all relations with the plaintiff and rejected all options presented by plaintiff for completion of the projects. The referee concluded that the services provided up to the date of termination were properly rendered pursuant to the contract. As of February 25, 1993, the referee concluded there was no evidence that the defendant had any dissatisfaction with the services rendered by the plaintiff or Gallo or Surace. He further found that the plaintiff did not breach the contract due to a failure to timely complete the projects. Since the referee found the existence of a contract under count one, he ruled the plaintiff could not recover under the theories of unjust enrichment (count six) and quantum meruit (count seven). The referee also found that the defendant had not proven its counterclaim. The referee recommended judgment for the plaintiff on count one in the amount of $17,190.55, and the failure to pay said sum was wrongful, entitling the plaintiff to prejudgment interest pursuant to Connecticut General Statutes § 37-39 from March 20, 1993. CT Page 7024
If a party wishes to challenge any findings of fact or rulings made by the referee in the report, he or she may file a motion to correct within two weeks of the filing of the report pursuant to Practice Book § 438. If the attorney trial referee fails to correct a report as requested, the moving party may file exceptions, seeking correction of the report by the court, within ten days after the decision on the motion to correct has been filed. Practice Book § 439. Within two weeks after the filing of a report, or if a motion to correct the report has been made within two weeks from the filing of the decision on the motion, objections to the acceptance of the report should also be filed. Rowan Construction Corporation v.Hassane, 213 Conn. 337, 340 n. 2, 567 A.2d 1210 (1990).
On March 7, 1997, the defendant filed a motion to correct and, on March 11, 1997, the plaintiff filed a motion for entry of judgment. On April 3, 1997, the defendant objected to the motion for acceptance of report and judgment. On April 17, 1997, the attorney trial referee filed his supplemental report as follows: "In line 8 on page 18 of the report, the word `defendant' should be inserted for the word `plaintiff'. . . so that the sentence commencing in said line 8 reads: `The defendant asserts that it. . . .'" "The reports of [attorney trial] referees are . . . `reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Practice Book §§ 428 through 445.'" Dills v. Enfield, 210 Conn. 705, 712-713,557 A.2d 517 (1989). The trial court shall render judgment as the law requires upon the facts as found by the attorney trial referee. Id., 713; Practice Book § 443. The court is bound by the attorney trial referee's findings of facts although not by his conclusions of law. Pilato v. Kapur, 22 Conn. App. 282, 283,576 A.2d 1315, cert. granted, 216 Conn. 813, 580 A.2d 59 (1990).
If the referee fails to correct a report as requested, the moving party may file exceptions seeking correction of the report by the court. Practice Book § 439; Garofalo v. Argraves,147 Conn. 685, 687, 166 A.2d 158 (1960). Thereafter, on April 25, 1997, the defendant filed its exception to acceptance of the trial referee's report. This exception contained eighteen factual findings of the attorney trial referee's report which the defendant indicated were incorrect and that the material facts were found without sufficient evidence. The defendant contends that the hours Gallo put into the project far exceeded that necessary for the work to be done; that Surace was initially told the matrix project consisted of a need for modifications; that CT Page 7025 the defendant was informed Gallo projected that he needed thirty-four hours to complete AR and cash entry projects; no agreement that these projects would be completed by March 1, 1993; the trial referee's finding of fact to Surace, via telephone, began correcting the problem; finding that it is reasonable for different programmers to take varying lengths of time to achieve the same end result; that the evidence did not establish Gallo and Surace utilized or projected utilization of an inordinant/unreasonable amount of time to complete; evidence did not support conclusion that Surace's design logic on work product was unworkmanlike or justify nonpayment; that it would be pure speculation to conclude Surace would not have achieved the same result on the path they chose; that Surace's work product accessible to Peck when he first arrived at the site; that the evidence did not support the conclusion that work was defective, or it was to be worked out, modified or corrected; finding that six/eight hours of the thirty-four would include modifications/corrections; finding that Gallo's performance was not unworkmanlike; finding that there was not a completion date for the projects; finding that there was initial misinformation concerning scope of projects; finding that defendant failed to mitigate damages; finding that plaintiff did not breach contract for failure to timely complete it; and lastly, finding that plaintiff stood ready to complete its obligation in a reasonable time.
The attorney trial referee weighed the testimony and explicitly found the facts challenged as brought out in the trial. This court will not substitute the defendant's contentions for the factual findings of the attorney trial referee.
"A party may file objections to the acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his [or her] rulings." Bernard v. Gershman,18 Conn. App. 652, 655, 559 A.2d 1171 (1989); Practice Book § 440. "Where legal conclusions are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee." Id., 656. The court need not accept the referee's legal conclusions, and may make its own independent analysis based on the fact as determined by the attorney trial referee. See Dills v. Enfield, supra,210 Conn. 713; Rostenberg-Doern v. Weiner, 17 Conn. App. 294,298-301, 552 A.2d 827 (1989). CT Page 7026
The defendant challenges many of the factual conclusions found by the referee. The defendant asserts that plaintiff's testimony contradicts that the cash entry system was an add-on; that the Matrix system required a different matrix; that Gallo testified at trial that significantly more time was needed for the AR project; that the testimony indicated an understanding that the projects needed to be completed in a rapid period of time; that the consultant Montessi was not qualified to perform the work; that Peck completed the AR project in seventy hours and the matrix in one hundred twenty-six which would be reasonable time periods; that Gallo and Surace utilized an inordinant or unreasonable amount of time; the referee's finding that Surace's design or work product was unworkmanlike; that the plaintiff offered no documentation of the Surace programming work; that the program modifications by the plaintiff were incorrect or flawed; testimony of Gallo never indicated the correct amount of time spent to make corrections and work; Gallo's testimony and admission to a number of flaws in all the programs completed and tested; a completion date of March 1, 1993; the misinformation concerning scope of the two projects; defendant's failure to mitigate; the March 1 deadline which plaintiff's were unable to meet; and that the alternatives offered by the plaintiff were unacceptable.
The objection and exception to the acceptance of the report of the attorney trial referee is overruled. The court finds that the facts found by the referee are supported by the evidence produced in this case and the legal conclusions are correct. The court enters judgment in favor of the plaintiff in accordance with the report of the attorney trial referee.
Grogins, J.