[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was instituted by the plaintiff, Mohican Valley Concrete, Inc., against the defendants Charles G. Wade (d/b/a Bud's Truck Diesel Repair) and John Lowrey. Count One of the complaint is based on common law conversion; Count Two alleges a violation of 42 U.S.C. § 1983; and Count Three alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), sections 42-110a et. seq. of the General Statutes. The parties agreed to have the case heard before an attorney trial referee pursuant to Practice Book Sections 428 et. seq. The case was heard before Attorney Trial Referee Raymond Ruben. He recommended that judgment enter in favor of the defendants. Pending before the court are the following matters: plaintiff's exceptions and objections to the ATR's Report; and defendant Wade's motion to accept the trial referee's report.
The dispositive facts may be summarized as follows. John Lowery is a Connecticut State Trooper. On October 7, 1994, one of the plaintiff's concrete mixing trucks became disabled, and pursuant to General Statutes § 14-150, Lowery directed Wade to tow the truck to Wade's garage. After towing the truck from the scene, Wade parked the truck on Sylvan Avenue, a public street approximately one block from his garage. The plaintiff's complaint is premised on the actions of the defendants the day after the vehicle's seizure.
The day after the seizure, a representative of the plaintiff demanded release of the concrete mixing drum on the truck. Wade refused to release the drum until payment of the $1,461.50 in towing charges. Lowery was called. He and Bridgeport police officers responded. While there is a dispute among the parties as to the actual extent of Lowery's actions regarding the detention of the vehicle at this time, it is clear that Wade and his employees precluded the plaintiff from removing the drum until the towing charge was paid. The ATR found that Lowrey did not take possession of the plaintiff's property or wrongfully act regarding the plaintiff's demand for the vehicle. The court's power to reject the predicate facts found by the ATR is limited and the record of this case does not provide a basis for the CT Page 10438 court to change the ATR's factual findings regarding Lowery. See P.B. 439; Garofalo v. Garofalo, 147 Conn. 685, 687-88.(1960) ("[c]orrections will not be made in the report unless a material fact has been found without evidence, or there has been a failure to find an admitted or undisputed fact, or a fact has been found in such doubtful language that its real meaning does not appear").
In regard to Wade, the ATR found that Wade could rightfully preclude release of the drum until the towing charges were paid because General Statutes § 14-150 gave Wade a possessory lien on the vehicle. However, the language of § 14-150 creates a lien for storage charges, but not for towing charges: "The owner or keeper of any garage or other place where such motor vehicle is stored shall have a lien upon the same for his storagecharges." C.G.S. § 14-150 (g) (emphasis added). It appears anomalous for there to be a lien for storage charges and not for towing charges. On the basis of the ATR's findings, the court concludes that it was reasonable for the defendants to believe that a statutory lien for the costs of storage would encompass the cost of towing the vehicle to the place of storage, especially since the statute authorizes the sale of the vehicle for storage and towing fees if the vehicle is not claimed. Nevertheless, the language of § 14-150 (g) is plain and unambiguous, and a reading of § 14-150 as a whole indicates that the legislature recognized the difference between towing fees and storage fees, and created a lien only for the latter. See, e.g., C.G.S. §§ 14-150 (c), d, (f)(1), g, and h. Thus the ATR's conclusion that § 14-150 gave Wade a lien on plaintiff's vehicle for towing fees is an erroneous application of this statute to the facts.
In the absence of any statutory or common law lien on the vehicle, Wade did not have a legal right to preclude the drum's release upon demand and his interference with the plaintiff's right to possession constituted conversion. See Halloran v.Spillane's Servicenter, Inc., 41 Conn. Sup. 484,498 1 CONN. L. RPTR. 790 (1990). Wade's good faith belief in the lawfulness of his actions is no defense to the conversion claim.Luciani v. Stop Shop Cos., 15 Conn. App. 407,412 (1988) ("An actor is not relieved of liability to another for trespass to a chattel or for conversion by his belief, because of a mistake or law of fact not induced by the other, that he (a) has possession of the chattel or is entitled to its immediate possession, or (b) has the consent of the other or of one with power to consent for him, or (c) is CT Page 10439 otherwise privileged to act").
Consequently, the court rejects the ATR's recommendation that judgment enter in favor of Wade for conversion and the case will be referred back to the ATR for findings regarding damages against Wade under Count One.
Since the court has concluded that Wade committed conversion, a basis appears to exist for a finding that he also violated CUTPA. See Halloran v. Spillane's Servicenter, Inc., supra, 41 Conn. Sup. 499, 1 CONN. L. RPTR. 790. However, it is unclear whether a CUTPA violation is established when a conversion, while wrongful, is nevertheless based on a mistake, without malice. Since the ATR's recommendation in favor of Wade on the CUTPA count was substantially premised on the erroneous conclusion that § 14-150 created a lien for towing fees, the ATR may not have fully considered to what extent, any, that Wade's actions constituted "unfair or deceptive acts or practices". C.G.S. § 42-110b. Therefore, the Third Count against Wade will also be referred again to the ATR for further consideration consistent with this ruling. If the ATR finds that Wade violated CUTPA, the ATR should also provide the court with his findings and recommendations regarding damages. See C.G.S. § 42-110g.
In Count Two of the complaint, the plaintiff alleges that the defendants violated § 1983 by depriving it of its fourteenth amendment rights to substantive due process and to be free from unlawful seizure. The court accepts the ATR's recommendation that judgment should enter in favor of the defendants on this count. On the basis of the ART's factual findings, which the court finds to be reasonably based on the record, the court concludes that the defendants did not act maliciously or recklessly to deprive the plaintiff of its constitutional rights. Lowery is entitled to the defense of qualified immunity; see Schnabel v. Tyler,230 Conn. 735, 744-47 (1994) (qualified immunity available as a defense against a § 1983 action when it was objectively reasonable for the public official to believe that his acts were lawful); and both defendants are entitled to the defense of reasonable good faith. See Pierson v. Roy, 386 U.S. 547, 557
(1967) (holding that the defense of good faith is available to police officers for actions brought under § 1983); Jordan v.Fox, Rothschild, O'Brien Frankel, 20 F.3d 1250, 1276-77 (3rd Cir. 1994) (the good faith defense is available to private persons sued under § 1983). CT Page 10440
CONCLUSION
In summary, as to defendant Wade, the court rejects the ATR's recommendation regarding the First Count alleging conversion. As to the First Count, liability is found in favor of the plaintiff and against defendant Wade and the court refers the case back to the ATR for further findings on the issue of damages. As to the Second Count, alleging violation of § 1983, judgment shall enter in favor of defendant Wade and against the plaintiff. As to the Third Count alleging violation of CUTPA, the court also rejects the ATR's decision as to defendant Wade and refers the case back to the ATR for further consideration consistent with this ruling.
As to defendant Lowery, judgment shall enter in his favor and against the plaintiff on the First and Second Counts of the complaint against him. The court shall issue specific orders on the pending motions consistent with this decision.
Barry K. Stevens, Judge