[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO ACCEPTANCE OF FINDING OF FACTS #124
On January 12, 1995, the plaintiff, Landmark Builders, Inc. initiated an action against the defendants, Paul and Dorothy Brower, two counts sounding in contract theory and one count in quantum meruit, alleging non-payment of the balance due under a construction contract and non-payment of the value of "extras" provided by the plaintiff in its performance of the contract. The matter was tried before attorney trial referee Hanon W. Russell. On December 2, 1997, the attorney trial referee issued his report, finding the following facts:
The plaintiff is a builder engaged in, among other things, home improvement. In May, 1994, the plaintiff and the defendant homeowners entered into an agreement pursuant to which the plaintiff was to perform work at the defendants' residence for approximately $48,000. The plaintiff performed certain work on the defendants' residence and now seeks the balance allegedly due CT Page 4005 under the agreement in the amount of $7,035.00. The defendants have counterclaimed seeking damages for work not completed or performed negligently in an amount in excess of $20,000. The plaintiff concedes that the agreement between it and the defendants failed to comply with the Home Improvement Act ("HIA").
The attorney trial referee found the lack of compliance by the plaintiff with the HIA material due to the fact that a failure to comply with the Act is a bar to recovery, unless the defendants acted in bad faith. Further, the attorney trial referee found that, upon consideration of the credible evidence, the defendants in fact acted in good faith in their dealings with the plaintiff. Therefore, the attorney trial referee concluded that the plaintiff's claims were barred by the HIA.
Upon consideration of the full scope and extent of the defendants' counterclaims, the attorney trial referee found that the credible evidence demonstrated that the defendants had proven their counterclaim in the amount of $10,952.98. Finally, the attorney trial referee found that the nature, scope and extent of the alleged violations of the HIA and the Connecticut Unfair Trade Practices Act, in light of the credible evidence, did not warrant punitive damages. Therefore, the attorney trial referee recommended judgment in favor of the defendants be entered on the plaintiff's complaint and judgment in favor of the defendants be entered on their counterclaim in the amount of $10,952.98 with no award of punitive damages.
If a party wishes to challenge any findings of fact or rulings made by the referee in the report, he or she may file a motion to correct within two weeks of the filing of the report pursuant to Practice Book § 438. See Practice Book § 438.[1] In addition, "[a] party may file objections to the acceptance of the report on the grounds that conclusions of fact stated therein were not supported by the subordinate facts found, or that the referee erred in his [or her] rulings." Bernard v.Gershman, 18 Conn. App. 652, 655, 559 A.2d 1171 (1989); Practice Book § 440.[2]
On December 16, 1997, the plaintiff filed a motion entitled "Plaintiff's Objection to Acceptance of Findings of Fact." The plaintiff fails to indicate under which Practice Book section it moves; the defendants characterize the objection as one made pursuant to Practice Book § 440. As such, the defendants CT Page 4006 argue that Practice Book § 440 cannot be used to attack findings of fact by the attorney trial referee; rather, to attack the attorney trial referee's findings of fact, the plaintiff must utilize Practice Book § 438.
The defendants are correct in characterizing the plaintiff's objection as an objection to acceptance of the attorney trial referee's report pursuant to Practice Book § 440. Although the plaintiff directed the objection to "acceptance of finding of facts," the plaintiff does not seek to strike out any facts or add any facts. Rather, the plaintiff argues in the objection that the attorney trial referee's conclusion that the defendants acted in good faith is erroneous. Thus, the plaintiff seeks to challenge the attorney trial referee's factual conclusion regarding the defendants' good faith (or lack thereof), which was presumably based on a number of subordinate facts. Indeed, "[s]ometimes there is difficulty deciding what is a fact and what is a conclusion. The cases sometimes refer to `ultimate facts' as conclusions." 1 W. Moller W. Horton, Conn. Practice Book Ann. (3d Ed. 1989) § 440, Authors' Comments, p. 642, citing Cohnv. Hartford, 130 Conn. 699, 706, 37 A.2d 237 (1944) ("Ultimate facts" means "those ultimate conclusions of fact which will enter immediately into and be determining elements in the judgment of the court. . . . The determination of these facts often requires the application to the subordinate facts of principles of law, but the conclusion reached may be none the less a finding of an ultimate fact.). Here, the attorney trial referee's finding of good faith on the part of the defendants is such an "ultimate fact."
Insofar as the plaintiff's objection seeks to challenge the attorney trial referee's "ultimate facts" or conclusions based on subordinate facts, and not challenge the subordinate facts themselves, the plaintiff may choose to forgo a motion for exceptions to the findings of fact under Practice Book § 438, and file an objection under Practice Book § 440. "[I]f there is no attack on the factual findings or the rulings and the only issue is whether the facts support the conclusions then [§ 438] may be bypassed, and an objection under § 440 [may be] filed. . . ." 1 W. Miller W. Horton, Conn. Practice Book Ann. (3d Ed. 1989) § 440, Authors' Comments, p. 642; see, e.g.,Ruhl v. Town of Fairfield, 5 Conn. App. 104, 496 A.2d 994 (1985). The court shall treat the plaintiff's objection as one made pursuant to Practice Book § 440. CT Page 4007
Indeed, a party "should not bypass a motion to correct pursuant to Practice Book § 438, and instead file . . . objections pursuant to § 440, unless they agree with all the facts and rulings set out by the referee." Fleet Bank v. BrooksDevelopment Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 318081 (June 14, 1996, Grogins, J.). This is because the court will not later review any findings of fact or rulings made by a referee unless those rulings were first raised in a motion to correct. See Budney v. Ives, 156 Conn. 83,91, 239 A.2d 482 (1968); Garofalo v. Argraves, 147 Conn. 685,687, 166 A.2d 158 (1960). A party who fails to file a motion to correct waives any right to attack the subordinate factual findings in the report. See LiVolsi v. Pylypchuk,12 Conn. App. 527, 528, 532 A.2d 593 (1987) (per curium).
The trial court shall render judgment as the law requires upon the facts as found by the attorney trial referee. Dills v.Enfield, 210 Conn. 705, 713, 557 A.2d 517 (1989); Practice Book § 443. The court is bound by the attorney trial referee's findings of facts although not by his conclusions of law. Pilatov. Kapur, 22 Conn. App. 282, 283, 576 A.2d 1315, cert. granted,216 Conn. 813, 580 A.2d 59 (1990).
"Where legal conclusions are challenged [by a motion under Practice Book § 440], we must determine whether they are legally and logically correct and whether they find support in the facts found by the referee." Bernard v. Gershman, supra,18 Conn. App. 656. The court need not accept the referee's legal conclusions, and may make its own independent analysis based on the fact as determined by the attorney trial referee. See Dillsv. Enfield, supra, 210 Conn. 713; Rostenberg-Doern Co. v. Weiner,17 Conn. App. 294, 298-301, 552 A.2d 827 (1989). "Where legal conclusions are challenged, [the court] must determine whether they are legally and logically correct and whether they find support in the facts found by the referee. . . . Where evidence is in conflict, its probative force is for the trier of fact to determine." Bernard v. Gershman, supra, 18 Conn. App. 656.
The plaintiff argues that the attorney trial referee's conclusion that the defendants acted in good faith in their dealings with the plaintiff was incorrect in light of the evidence adduced at trial. Specifically, the plaintiff argues that the defendants' testimony that they had no prior disputes with contractors within ten years, other than the current dispute with the plaintiff, was contradicted by the testimony of Pat CT Page 4008 Giuliano, a contractor who remodeled the defendants' bathroom in 1991. Mr. Giuliano testified that the defendants expressed satisfaction with his work until the job approached completion, at which time the defendants became dissatisfied with the work and complained to the town building inspector. The plaintiff asserts that this testimony, coupled with the testimony of the plaintiff's president regarding the defendants' similar expressions of dissatisfaction with the plaintiff's work, represents a pattern or "scheme" by which the defendants attempt to avoid paying full value for goods provided and services performed.
The "bad faith" exception to the HIA requires a party to establish "that the defendants' invocation of the HIA as a basis for their repudiation of the contract was in bad faith." RizzoPool Co. v. Del Grosso, 232 Conn. 666, 680, 657 A.2d 1087 (1995). The "standard definition of bad faith [is] the absence of good faith. . . . Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.)Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992). "It is the burden of the party asserting the lack of good faith to establish its existence and whether that burden has been satisfied in a particular case is a question of fact." Id., 237 n. 11.
"Upon conflicting evidence, it is peculiarly within the province of the trier of fact to judge the credibility of the witnesses and to draw proper inferences." DeLuca v. C. W.Blakeslee Sons, Inc., 174 Conn. 535, 547, 391 A.2d 170 (1978). The attorney trial referee has a broad discretion to try facts and to pass upon the credibility of witnesses. See Argentinis v.Gould, 23 Conn. App. 9, 16, 579 A.2d 1078 (1990), rev'd in part on other grounds, 219 Conn. 151, 592 A.2d 378 (1991).
The attorney trial referee weighted the testimony and explicitly found that the defendants acted in good faith in their dealings with the plaintiff. Although the attorney trial referee did not specify which testimony in particular he invoked to reach this conclusion, in light of the attorney trial referee's broad discretion to consider the credibility of witnesses, the court CT Page 4009 concludes that the facts found by the referee are supported by the evidence produced in this case and the legal conclusions are correct. Therefore, the court enters judgment in favor of the defendants in accordance with the report of the attorney trial referee.
Grogins, J.