[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON REPORT OF ATTORNEY TRIAL REFEREE (#121)
 I
The report of the attorney trial referee dated May 29, 1998 appeared on the short calendar of July 13, 1998 for judgment in accordance with P.B. § 19-16 and § 19-17. At the short calendar hearing the court was handed an unsigned "Motion to Extend Time to file a Motion to Correct" the report of the attorney trial referee, dated July 9, 1998. In support of that motion the defendant's attorney represented to the court that his legal assistant filed the ATR report away without showing it to him or bringing it to his attention. At the court's request, the attorney furnished an affidavit from his legal assistant attesting to such fact.
The plaintiff objects to the motion as untimely and requests that the court enter judgment on the report except that the plaintiff requests the court to correct the recommendation so that the plaintiff will recover the full amount claimed. By objecting, the plaintiff has preserved its right to attack the untimely filing as a procedural defect. P. B. § 19-12; RonanConstruction Corp. v. Hassane, 213 Conn. 337, 342 (1990).
While the standard which governs an extension of time to file a motion to correct is "good cause shown" (P.B. § 19-18) the standard to be applied post expiration is similar to that which applies to opening a judgment under § 17-43, viz; mistake, accident or other reasonable cause.
Neither the affidavit nor the argument of counsel demonstrates why it was not appropriate for the legal assistant to have filed the report in the very file in which it belonged. Counsel offers no justification for not having in place an office practice under which the file containing the report would have been brought to his attention in sufficient time to have enabled him to make a timely filing. Likewise, counsel offers no explanation for not having signed the "Motion to Extend". Neither act supports a finding of accident, mistake or reasonable cause. The motion is denied.
 II
At short calendar, the court was asked by one of the plaintiffs to modify the report by awarding judgment in the full amount claimed instead of the actual amount awarded. This oral request does not satisfy the requirements of P.B. §§ 19-12, 19-13 or 19-14. Accordingly, the request is denied, the report of the attorney trial referee is accepted and judgment of foreclosure may enter in favor of Minuteman Construction, Inc. in CT Page 10655 CV95-032 16 74S, in favor Eastern Fire Door, Co., Inc. in CV95-032 03 53S and in favor of all defendants in CV95-031 97 67S.
The first two cases should now proceed to the foreclosure calendar for a determination of the appropriate form of judgment and other appropriate orders.
MOTTOLESE, JUDGE