[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON OBJECTION TO REPORT OF ATTORNEY TRIAL REFEREE (#123)
In this action to foreclose a lien for unpaid condominium common charges the report of the attorney trial referee was filed on August 12, 1999. On February 24, 2000 the ATR granted in part and denied in part the defendant's motion to correct the report. The decision on the motion to correct was mailed to all counsel on February 28, 2000. On March 23, 2000 the defendant filed her objection to the report, as corrected.
The plaintiff contests the defendant's right to object to the report on the grounds that the objection is untimely filed in that P. B. § 19-15 requires objections to the acceptance of an attorney trial referee's report to be filed "within 21 days after the mailing of the report to the parties or their counsel by the clerk." The filing and mailing dates as shown in the file reveal that the objection in question was filed three days late.
The time limit specified in P. B. § 19-15 (formerly § 441) has been held to be procedural and not substantive and therefore susceptible to waiver if not timely asserted as a defense. Rowan Construction Corp.v. Hassane 213 Conn. 337, 340 (1990). Here, the defendant has explicitly asserted as a defense to the objection, the untimeliness of the filing.
The plaintiff's position is well taken. The defendant's objection to the report is overruled and the report of the ATR as corrected, is hereby accepted and approved. Accordingly, judgment of foreclosure is entered but the form and terms of the judgment shall be determined in the regular course of calendar #1.
BY THE COURT,
Mottolese, Judge