FRANK E. LiVOLSI, JR., EXECUTOR (ESTATE OF ISABEL RAFFERTY BRUNO), ET AL. *v.* LORRAINE PYLYPCHUK (5278)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Submitted on briefs September 1—decision released October 27, 1987

*Carolyn R. Linsey* filed a brief for the appellant (defendant).

*Franklin Melzer* filed a brief for the appellee (named plaintiff).

*David J. Ordway* filed a brief for the appellees (plaintiff Elizabeth Bruno et al.).

PER CURIAM. The plaintiffs[1] brought this action to set aside the conveyance of real property by the decedent to the defendant. The case was referred to an attorney trial referee pursuant to General Statutes § 52-434 (a) (4). After trial, the attorney referee filed a report setting forth his findings and recommending that judgment should issue in favor of the plaintiffs. On appeal from the judgment rendered by the trial court accepting the report of the attorney trial referee, the defendant challenges two findings of the attorney trial referee.

Practice Book § 438 requires that a party challenging the factual findings of an attorney trial referee must file a motion to correct with the trial court within two weeks after the filing of the referee's report. The defendant, however, failed to file such a motion in the present case. Having filed no motion to correct any of the facts found by the attorney trial referee, the defendant has waived any right to attack the subordinate factual findings contained in the report. *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 518, 508 A.2d 415 (1986); *Kowalsky Properties, Inc.* v. *Sherwin-Williams Co.*, 7 Conn. App. 136, 140, 508 A.2d 43 (1986); *Ruhl* v. *Fairfield*, 5 Conn. App. 104, 106, 496 A.2d 994 (1985). Furthermore, the defendant failed to object to the trial court's acceptance of the report pursuant to Practice Book § 440 and, therefore, the conclusions reached in the report must stand. *Seal Audio, Inc.* v. *Bozak, Inc.*, supra. Accordingly, we decline to review the judgment of the trial court. Id.

There is no error.

---

[1] The plaintiffs are the executor of the estate of the decedent and the decedent's three grandchildren.