NORMAN DORSEN ET AL. *v.* STUART ANDREW KAY
(5601)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued December 4, 1987—decision released March 15, 1988

*Stephen A. Wise,* for the appellant (defendant).
*Catherine G. Roraback,* for the appellees (plaintiffs).

DUPONT, C. J. The defendant appeals from the judgment rendered by the trial court in favor of the plaintiffs, upon the findings of an attorney trial referee. The referee found that the defendant was individually liable under an enforceable purchase and sale agreement, in the amount of $23,800 plus costs, for the defendant's refusal to purchase the plaintiffs' real estate. The defendant raises six claims of error on appeal. Five of the claims of error challenge the factual findings and conclusions of the referee. We are unable to reach the merits of these claims because none of the five claims of error was properly preserved at trial by the defendant for appellate review. The remaining claim of error challenges the enforcement of the contract of sale as against public policy. We find no error.

I

We first discuss the defendant's claims challenging the factual findings and legal conclusions of the attorney trial referee.[1] It is axiomatic that in order for a

---

[1] Four of the claims challenge the following factual findings of the referee: (1) the finding that the parties entered into a contract when they

party to receive appellate review of an attorney trial referee's findings, that party ordinarily must file with the court either a motion to correct the referee's report, pursuant to Practice Book § 438,[2] or an objection to the acceptance of the referee's report, pursuant to Practice Book § 440.[3] *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 518, 508 A.2d 415 (1986); *LiVolsi* v. *Pylypchuk*, 12 Conn. App. 527, 528, 532 A.2d 593 (1987).

On March 19, 1985, the attorney trial referee rendered his finding of facts and memorandum of law. The

signed the "Offer to Purchase and Acceptance"; (2) the finding that the claimed omissions of the plaintiffs were not such as to defeat their right to enforce the contract; (3) the finding that the defendant was individually liable on the contract; and (4) the finding as to the plaintiffs' damages. The claim of error challenging a legal conclusion of the referee provides that because the referee found that the plaintiffs had not sufficiently proved monetary damages, he erred in his conclusion that "[i]f the decision is to award monetary damages, it is recommended that . . . the matter be referred back for a hearing in specific damages."

[2] Practice Book § 438, entitled "Motion to Correct," provides: "If either party desires to have the report or the finding corrected by striking out any of the facts found, or by adding further facts, or by stating the claims of the parties made before the committee, or by setting forth rulings upon evidence or other rulings of the committee, he shall within two weeks after the filing of the report or finding file with the court a motion to correct setting forth the changes and additions desired by him. He shall accompany the motion with a brief statement of the grounds of each correction asked, with suitable references to the testimony. The file shall then be returned to the committee for consideration of the motion to correct. As soon as practicable the committee shall file with the court the motion to correct, together with his decision thereon."

[3] Practice Book § 440, entitled "Objections to Acceptance of Report," provides: "A party may file objections to the acceptance of a report on the ground that conclusions of facts stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted.

"If an objection raises an issue of fact the determination of which may require the consideration of matters not appearing in the report or stenographic notes of proceedings before the committee, the adverse party shall, within two weeks after the filing of the objection, plead to it by a motion to strike, answer or other proper pleading."

plaintiffs filed a timely motion to correct. On April 9, 1985, the defendant filed with the court an objection to the plaintiffs' motion to correct and a cross motion to correct. On March 10, 1986, the defendant filed an objection to the plaintiffs' motion for judgment.

Although the defendant filed a cross motion to correct, that motion cannot support the factual claims of error now raised on appeal because it did not address any of the factual findings challenged on appeal. Furthermore, the substance of the defendant's statement in objection to the plaintiffs' motion to correct does not support his factual claims of error which he now raises on appeal. In his objection, the defendant states that "the status of [the defendant] as individual or trustee is totally irrelevant." On appeal, the defendant argues that the finding of individual liability is erroneous. We note that this claim of error, if successful on appeal, would be dispositive of all of the other issues on appeal. If this court were to conclude that the finding of individual liability was clearly erroneous, judgment would have to be rendered in favor of the defendant on the plaintiffs' complaint, and there would be no need to address the remaining claims of error. The claim, however, that the status as individual or trustee is irrelevant is not sufficient under Practice Book § 438 to constitute a request to correct a finding. Pursuant to § 438, a movant must clearly set forth the correction desired, and make a statement of the grounds of the correction requested together with suitable references to the testimony. The defendant has done none of these with respect to the issue of individual liability. The claim that a particular factual finding is irrelevant is not synonymous with the claim that a particular factual finding is erroneous and therefore needs correction.

The defendant did file with the trial court an objection to the plaintiffs' motion for judgment. This motion, however, cannot in substance be treated as an objec-

tion to the acceptance of the report of the referee. First, the objection to the motion for judgment addresses only one of the claims of error raised by the defendant on appeal. Second, there are substantial differences between an objection to a motion for judgment pursuant to Practice Book § 442 and an objection to acceptance of the referee's report pursuant to Practice Book § 440. Although our rules of practice do not specifically provide that a party may file an objection to an opponent's motion for judgment; Practice Book § 442; it seems that such an objection is proper where exceptions or objections to the report have been seasonably filed, yet not disposed of by the court. In such a case, the court may hold a hearing on the exceptions or objections and, "upon its decision as to them, forthwith direct judgment to be rendered." Practice Book § 442. On the other hand, the purpose of the exceptions or objections, themselves, is to demonstrate that the conclusions on ultimate facts are not supported by the subordinate facts. Practice Book § 440. It is apparent, then, that an objection to a motion for judgment and an objection to acceptance of a referee's report serve two entirely different purposes.

Furthermore, the objection to the motion for judgment could not procedurally be characterized as an objection to acceptance of the referee's report because of its failure to comply with the time provisions set forth in Practice Book § 441. Section 441 provides: "Objections to the acceptance of a report shall be filed within two weeks after the filing of the report or finding, or if a motion to correct the report or finding has been made, within two weeks from the filing of the decision on the motion." The attorney trial referee rendered his findings of facts, conclusions of law and memorandum of law on March 19, 1985. The defendant's objection to the plaintiffs' motion for judgment was filed on March 10, 1986, almost twelve months after the filing

of the referee's report. Accordingly, the defendant's motion for judgment cannot be characterized, substantively or procedurally, as a § 440 motion.

"With respect to the various claims of error relating to the merits of the factual findings made by the attorney referee, as well as the judgment rendered by the trial court based thereon, the defendant is precluded from effective appellate review by its failure to file a motion to correct the report of the referee pursuant to Practice Book § 438 or an objection to the acceptance thereof pursuant to Practice Book § 440. . . . A litigant cannot wholly ignore established procedures for the protection of [his] rights, as this defendant has done, and hope to receive on appeal the same treatment accorded to those who follow the rules of practice. We therefore decline to review further the judgment of the trial court." *Seal Audio, Inc.* v. *Bozak, Inc.,* supra, 518.

## II

The defendant's claim that this court should refuse to enforce any purchase and sale agreement drafted by a real estate broker as against public policy is without merit. The circumstances here do not present a case of overreaching by a more sophisticated party, requiring the conclusion that the element of bargaining was absent.

There is no error.

In this opinion the other judges concurred.