RAYMOND E. HUMISTON *v.* INTERVEST MANAGEMENT COMPANY
(6436)

SPALLONE, DALY and O'CONNELL, Js.

Argued January 19—decision released Feburary 8, 1989

*Raymond E. Humiston,* pro se, the appellant (plaintiff).

*William H. Narwold,* with whom, on the brief, was *Karen L. Goldthwaite,* for the appellee (defendant).

PER CURIAM. This wrongful discharge and defamation action was heard by an attorney trial referee who issued a detailed report with twenty-nine separate findings of fact and eight pages of legal analysis. The legal analysis thoroughly reviewed Connecticut law of both wrongful discharge and defamation. The plaintiff then moved the trial court to correct the report pursuant to Practice Book § 438 and in this motion belatedly raised the issue of the applicability of California law to his relationship with the defendant. Thereafter, the

trial referee issued a supplemental report recommending the denial of the plaintiff's motion to correct and rejecting the plaintiff's assertion that California law should apply.

The trial court denied the motion to correct and accepted the referee's report. In doing so, the trial court prepared a memorandum of decision in which it carefully reviewed the evidence, the findings and legal analysis of the trial referee, the plaintiff's motion to correct and the supplemental report.

Under the circumstances presented here, we decline to review further the judgment of the trial court. Following the supplemental report of the trial referee, the plaintiff failed to file either an exception to the report pursuant to Practice Book § 439 or objections to acceptance of the report pursuant to Practice Book § 440. The lack of compliance with the procedural requisites necessary to preserve challenges to an attorney trial referee's report precludes appellate review by this court. See, e.g., *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 508 A.2d 415 (1986); *Dorsen* v. *Kay,* 13 Conn. App. 645, 538 A.2d 1080, cert. denied, 208 Conn. 805, 545 A.2d 1102 (1988); *LiVolsi* v. *Pylypchuk,* 12 Conn. App. 527, 532 A.2d 593 (1987).

There is no error.