[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Joseph Malone, filed a two count complaint against the defendant, Norman Johnson, alleging tortious interference with a contractual relationship and violation of General Statutes Section 42-110b, the Connecticut Unfair Trade Practice Act (CUTPA). After a trial on the merits, the Trial Referee concluded that the plaintiff was entitled to receive $14,906.81 From the defendant for damages caused by the defendant's tortious conduct. Trial Referee's Report, Conclusions E, J. The Trial Referee's Report also concluded that the defendant had not committed an unfair trade practice as defined by General Statutes Section 42-110b. Trial Referee's Report, Conclusion H.
On June 11, 1991, the plaintiff filed a Motion to Correct the Referee's Report. On August 23, 1991, the Trial Referee filed his response to the plaintiff's motion. On September 6, 1991, the plaintiff filed an Objection and Exceptions pursuant to Practice Book 439 and 440.
Practice Book Section 439 provides that "(i)f a committee fails to correct a report or finding in compliance with a motion to correct, the moving party may, within ten days after the decision on the motion to correct, file exceptions . . . ." Failure to file exceptions within the ten day time limit mandated by Practice Book Section 439 precludes appellate review. Humiston v. Intervest Mgmt. Co., 17 Conn. App. 828, 829, 554 A.2d 296
(1989); Rostenberg-Doern Co. Inc. v. Weiner, 17 Conn. App. 294,302, 552 A.2d 827 (1989); Dorsen v. Kay, 13 Conn. App. 645, 649,538 A.2d 1080 (1988). The plaintiff filed his Exceptions on September 6, 1991, more than ten days after August 23, 1991, when the Trial Referee's Response to the plaintiff's motion was filed. The plaintiff is, therefore, not entitled to a review on this matter.
The court will, however, address the merits of the plaintiff's Exceptions. The purpose of Practice Book Section 439 is to provide the moving party with a review of the trial referee's or committee's factual findings. Gargano v. Heyman,203 Conn. 616, 619, 515 A.2d 1343 (1987). The power of the superior court to set aside a trial referee's findings is limited to three situations: (a) a fact found without evidence; (b) a failure to find a fact that is admitted or undisputed; or (c) a fact of doubtful meaning. Whewell v. Ives, 155 Conn. 602,608-09, 236 A.2d 92 (1967).
In the present case, the plaintiff contends that the Trial CT Page 265 Referee's Report fails to correctly assess the plaintiff's damages and improperly concluded that the plaintiff did not mitigate his damages. (Plaintiff's Exception No. 123). A review of the exhibits offered by the plaintiff to prove his damages reveals a purchase dated 9/1/88 for $600.00 which the Trial Referee's Report failed to include in its assessment of damages. Compare Plaintiff's Exhibit #7, Receipt of Purchase from Truco, to Trial Referee's Response, Finding 37. Two other purchases claimed as damages by the plaintiff, namely a $3,241.25 purchase from Garnite Systems, Inc. dated 11/30/88 and a $25.91 purchase from Atlas Industries dated 9/1/88, are not included in the exhibits and the evidence therefore does not sustain the plaintiff's claim as to these damages. Finding 37 and Conclusion F of the Trial Referee's Report should be corrected from $16,507.61 to $17,107.61, thereby reflecting only the omitted $600.00 purchase from Truco dated 9/1/88.
By his second Exception, the plaintiff contends that the Trial Referee's Report improperly concludes that the plaintiff's failure to purchase equipment from the defendant totaling $12,700.00 constituted a breach of the plaintiff's obligation to mitigate damages. Plaintiff's Exceptions, p. 7. The plaintiff readily admits that he failed to purchase the equipment from the defendant. Id. The plaintiff contends, however, that he was under no duty to mitigate by accepting the defendant's offer, because "the testimony indicated that acceptance. . . would not have been reasonable." Id.
No transcript of the evidence has been filed by the plaintiff in support of his Exceptions. Practice Book Section 439 mandates that where an exception to a factual finding is filed, a party "must file with his exceptions a transcript of the evidence . . ., except such portions as the parties may stipulate to omit." Without a transcript of the evidence, this court has no basis upon which to review the factual findings of the Trial Referee. Garofalo v. Argraves, 147 Conn. 685, 687-88,166 A.2d 158 (1960). Therefore the plaintiff's Exception to Conclusion G regarding mitigation of damages is overruled.
The plaintiff also challenges the Trial Referee's conclusion that the defendant's actions did not constitute an unfair method of competition or unfair trade practice according to General Statutes Section 42-110b. Plaintiff's Exceptions, p. 9. Whether Conclusion H is improper depends upon questions of law which are beyond the scope of Exceptions filed pursuant to Practice Book Section 439. The purpose of an Exception filed pursuant to Practice Book Section 439 is to challenge the factual findings of the Trial Referee's Report, not the legal conclusions derived from such findings. See Kowalsky Properties, Inc., v. Sherwin Williams Co., 7 Conn. App. 136, 140, 508 A.2d 43
CT Page 266 (1986); Ruhl v. Fairfield, 5 Conn. App. 104, 106, 496 A.2d 994
(1985). Without a transcript of the evidence, this court lacks a basis to evaluate the sufficiency of the Trial Referee's conclusions regarding the CUTPA claim. Garofalo v. Argraves, supra.
Finally, the plaintiff challenges Conclusions I and J, contending that the plaintiff's damages are greater than those found by the Trial Referee. Conclusions I and J should be corrected to reflect this court's modification of Conclusion F. Pursuant to Practice Book Section 440, the plaintiff has filed an Objection to the Acceptance of the Trial Referee's Report, Objection No. 122. Practice Book Section 440 states that "(a) party may file objections to the acceptance of a report on the ground that conclusions of facts stated in it were not properly reached on the basis of the subordinate facts found." The plaintiff filed his Objection on September 6, 1991, within the two week filing deadline mandated by Practice Book Section 440.
The plaintiff first objects to the Trial Referee's 11 conclusion that the plaintiff breached his duty to mitigate damages. Plaintiff's Objections, pp. 4-8. A party's right to recover damages for tortious conduct is offset by the duty to use "`reasonable effort or expenditure after the commission of the fort.'" Ochs v. Borrelli, 187 Conn. 253, 260 n. 4,445 A.2d 883 (1982), quoting 4 Restatement (Second), Torts (1979) Section 918. Thus, "the duty incumbent upon the plaintiffs (is) to keep the damages as low as reasonably possible . . . ." Richard v. Waldman Sons, Inc., 155 Conn. 343, 349, 232 A.2d 307 (1967).
The plaintiff in the present case cites to case law outside of Connecticut to contend that he was under no duty to purchase equipment from the defendant. See Plaintiff's Objection, pp. 4-8. No Connecticut case has been found which holds that a plaintiff is released from the duty to mitigate whenever the mitigating act would require the plaintiff to continue financial dealings with the defendant. The Trial Referee heard undisputed testimony to the effect that the defendant offered to sell the plaintiff the equipment for $12,700.00 and the plaintiff refused this offer. See Trial Referee's Report, Finding 35. Based upon this factual finding, the Trial Referee had a valid basis for concluding that the plaintiff's action was unreasonable and constituted a breach of his duty to limit damages.
The plaintiff's second objection concerns the Trial Referee's conclusion that the defendant did not violate the Connecticut Unfair Trade Practices Act, Section 42-110b(a). Conclusion H of the Trial Referee's Report states that the defendant's tortious interference was not a method of unfair CT Page 267 competition, not did it occur in the conduct of any trade or commerce. See Trial Referee's Response to Plaintiff's Motion to Correct #120, pp. 3-4. This conclusion was based upon factual findings which establish that the defendant "never used any of the material or equipment (he acquired through the tortious conduct); he merely stored them in his yard." Trial Referee's Report, Factual Finding 34. The Trial Referee properly concluded that the defendant's tortious conduct did not occur in the context of trade competition or a trade practice, and it therefore did not constitute a violation of General Statutes Section 42-110b(a). For the foregoing reasons, the plaintiff's Objection #122 is hereby overruled.
Judgment may enter in accordance with the Attorney Trial Referee's Report as modified by this court's decision.
HURLEY, J.