[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On November 16, 1993, the plaintiff, Wood Design, Inc., filed a one count complaint against the defendant, Albert A. Garofalo. The complaint seeks foreclosure of a mechanic's lien.
A trial was held before an attorney trial referee, who found CT Page 1180-O the following facts. Garofalo owns the real estate on which Southport Manor Convalescent Center, Inc. (Southport Manor) is located. Garofalo also owns 100 per cent of the stock of Southport Manor and is the chairman of the board for Southport Manor. Southport Manor leases the real estate as a holdover tenant under a lease that expired in 1988.
Wood Design and Southport Manor agreed to a contract in which Wood Design would make certain improvements (material and labor) to Southport Manor. Southport Manor has refused to pay for these improvements. The referee found that Southport Manor did not have a valid defense for not performing under the contract.
The referee also concluded that Garofalo was liable for the corporation's actions. The referee reasoned that Garofalo and Southport Manor had an "identity of interest" so that Garofalo was deemed to consent to the improvements under the mechanic's lien statute, General Statutes § 49-33.
The referee filed his decision on November 14, 1994. On November 29, 1994, Garofalo filed a motion to correct and request CT Page 1180-P for findings. The referee filed his decision on Garofalo's motion to correct on December 13, 1994. Although certain findings were clarified, the referee's decision did not change. On December 28, 1994, Garofalo filed objections to the acceptance of the report and exceptions to the referee's decision on the motion to correct. On January 9, 1995, Wood Design filed its response to Garofalo's objections and exceptions.
The basis for Garofalo's objections and exceptions is that the referee incorrectly determined that he consented to the work that Wood Design did on the real property that he owns. Wood Design responds to the objections and exceptions by arguing that the court should not consider them because they were filed too late.
Practice Book §§ 439 and 441 set forth the time limits to file exceptions and objections, respectively. Bowman v. 1477Central Apartments, Inc., 203 Conn. 246, 253, 524 A.2d 610 (1987). "If an [attorney trial referee] fails to correct a report or finding in compliance with a motion to correct, the moving party may, within ten days after the decision on the motion to correct, CT Page 1180-Q file exceptions seeking corrections by the court in the report or finding. . . ." Practice Book § 439. "Objections to the acceptance of a report shall be filed within two weeks after the filing of the report or finding." Practice Book § 441. If the non-moving party fails to oppose the late filing of an objection or exception, the point is waived and the court can consider the arguments in the objection or exception. Rowan Construction Corp.v. Hassane, 213 Conn. 337, 342, 567 A.2d 1210 (1990).
Both the objections and the exceptions were filed too late to be considered by this court. The referee filed his response to the motion to correct on December 13, 1994. To be timely, the exceptions had to be filed by December 23, 1994, ten days after the response was filed. To be timely, the objections had to be filed by December 27, 1994, two weeks after the response was filed. Garofalo filed his exceptions and objections on December 28, 1994. Wood Design did not waive its right to oppose the court's consideration of the exception and objections. Accordingly, Garofalo did not properly bring the exceptions and objections before the court. "A litigant cannot wholly ignore established procedures for the protection of [his] rights, as this CT Page 1180-R defendant has done, and hope to receive . . . the same treatment accorded to those who follow the rules of practice." Dorsen v.Kay, 13 Conn. App. 645, 650, 538 A.2d 1080, cert. denied,208 Conn. 805, 545 A.2d 1102 (1988).
Pursuant to Practice Book § 442, this court renders judgment for Wood Design, Inc. as set forth in the referee's report.[1]
By the Court,
LEVIN, JUDGE