## DATA-FLOW TECHNOLOGIES, LLC *v.*
## HARTE NISSAN, INC.
### (AC 29260)

Bishop, McLachlan and Borden, Js.

---

Argued September 9—officially released November 4, 2008

*Alexander J. Maresca*, with whom, on the brief, was *James M. Miele*, for the appellant (defendant).

*Opinion*

McLACHLAN, J. The plaintiff, Data-Flow Technologies, LLC, initiated this action to recover payments for its maintenance of computer equipment owned by the defendant, Harte Nissan, Inc. The defendant appeals from the judgment of the trial court in favor of the plaintiff.[1] The defendant claims that (1) the court improperly accepted conclusions of fact in the attorney fact finder's report[2] and (2) the fact finder improperly admitted and considered certain evidence. We affirm the judgment of the trial court.

The plaintiff serviced the defendant's computer equipment from October, 2000, through December, 2003. After a dispute arose between the parties as to the amount owed the plaintiff for its services, the plaintiff filed a two count complaint alleging that the defendant had breached its contract by failing to pay the invoices for the period of June to December, 2003, and, in the alternative, that the defendant was unjustly enriched by the services performed by the plaintiff for

---

[1] The plaintiff failed to file a proper appearance; we considered this appeal on the record and the defendant's brief and oral argument only.

[2] General Statutes § 52-549n and Practice Book § 23-53 permit the court to refer to an attorney fact finder matters based upon express or implied promises to pay a definite sum wherein the amount in controversy is less than $50,000. The fact finder must produce, in accordance with Practice Book § 19-8, a report stating "the facts found and the conclusions drawn therefrom. . . ." See Practice Book § 23-56.

Practice Book § 23-57 (a) provides that "[a] party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted."

the defendant during that period of time. The court referred the matter to a fact finder.

During hearings before the fact finder, the plaintiff introduced testimony regarding the value of the work that it continued to perform for the defendant between May and December, 2003. In addition, the plaintiff introduced, over objection, service repair forms,[3] which detailed the number of hours of labor, the cost of replacement parts and the mileage for each service call. Joseph Bevivino, the plaintiff's managing and only member, referred to his "hourly rate" of $100 several times during his testimony as the basis for the bills he sent the defendant. Bevivino also testified that he kept the service repair forms to determine the actual value of his services and to keep track of what it cost to repair the defendant's equipment so that he could evaluate whether it would be more cost efficient to repair or replace equipment under the maintenance contract. The service repair forms, inclusive of minimum charges and mileage provided for in the contract, totaled $8999.49. The plaintiff introduced testimony that it had not received payment from the defendant for its services that should have been covered by the contract maintenance fee. The plaintiff also provided paid invoices that showed labor charges of $100 per hour.[4]

From the evidence adduced at the hearings, the following facts were found by the fact finder and subsequently accepted by the court.[5] On October 30, 2000,

---

[3] The defendant refers to these forms in its brief as "work tickets," the forms themselves carry the title "service repair form" and "work order," and the fact finder's reports refer to them alternately as "work tickets" and "service repair forms." Attached to the forms is a summary sheet compiling the billing information from the individual service repair forms. We will refer to the forms collectively as "service repair forms."

[4] The plaintiff also submitted invoices that showed discounts of $25 and $50 to its hourly rate of $100.

[5] The court addressed the second fact finder's report as "supplemental" and as "amended." The second report was completed after rehearing and reconsideration and must, therefore, supersede the first as to any discrepancies.

the plaintiff entered into a contract with the defendant regarding the maintenance of the defendant's computer equipment. The contract provided that the plaintiff would repair the listed equipment for a flat monthly fee and that any repairs on any equipment not listed would be billed at $100 per hour of labor, with a minimum of two hours, plus parts and mileage.

Thereafter, the defendant contracted with Reynolds & Reynolds Company to replace and maintain its equipment; the contract between the plaintiff and the defendant was terminated when nearly all of the listed equipment was replaced by Reynolds & Reynolds Company in May, 2003. The plaintiff continued to perform services for the defendant from June through December, 2003. On December 4, 2003, the defendant informed the plaintiff that its services were no longer desired under the contract. The plaintiff initially sought $5728.43 as payment under its contract for services performed between June and December, 2003. The fact finder concluded that the defendant owed the plaintiff $7644.53 for services provided, calculated at an hourly rate[6] plus replacement parts.

I

First, the defendant claims that the court improperly accepted conclusions of fact in the fact finder's report that were not based on the evidence adduced at the hearing. Specifically, the defendant claims that the court should not have accepted the fact finder's April 26, 2006 recommendation that judgment enter in favor of the plaintiff in the amount of $7644.53 because the plaintiff did not introduce any evidence of the benefit allegedly received by the defendant, the fact finder

---

[6] The plaintiff submitted a detailed list of services provided with a total amount of $8999.49. The fact finder subtracted mileage and minimum two hour charges because those charges were based on the terms of the contract and could not be included in the unjust enrichment recovery.

made no finding as to any of the elements of an unjust enrichment claim and the report contained contradictory factual findings. We disagree.

Additional facts and procedural history are relevant to the resolution of the defendant's claims. On June 6, 2005, the parties appeared for the first hearing in this matter. The fact finder filed a report on June 8, 2005, which included the following findings: (1) the parties entered into a contract providing that the plaintiff would repair certain equipment for a flat fee; (2) any repair of an item not covered by the agreement would be billed at the rate of $100 per hour, with a minimum of two hours, plus the cost of parts and mileage; (3) the replacement of the defendant's equipment eliminated the subject matter of the contract, terminating it as of May, 2003; (4) the plaintiff was seeking $8999.49, $5728.43 for services performed under the contract and the balance for work performed on equipment that was not listed in the contract; and (5) the defendant's assistant comptroller, Dan Mulryan, testified that the plaintiff did not perform the work claimed, but the defendant admitted that the plaintiff performed services from June through November, 2003, and, in a letter dated April 14, 2004, the defendant's office manager stated that the defendant used the plaintiff's services and requested a bill for the work performed. The fact finder concluded: "I would recommend judgment in favor of the plaintiff for the amount of the difference between the amount claimed and the amount attributable to the terminated contract, which is the amount of $3271.06. I do not award attorney fees, as they were provided under the contract, which was terminated in May, 2003."

The plaintiff objected to the acceptance of the findings of facts, as permitted by Practice Book § 23-57, arguing that (1) the conclusions of fact were not properly reached on the basis of the subordinate facts found, (2) the fact finder improperly ruled on evidence and

(3) the fact finder improperly applied the relevant law to the facts. The court considered the plaintiff's objections and, pursuant to Practice Book § 23-58 (a) (5), remanded the matter to the fact finder for a rehearing and a revised report resolving the factual issues. The court stated that it was "unable to determine whether the fact finder's conclusions were clearly erroneous because the report does not contain sufficient information to explain fully the fact finder's resolution of certain factual issues. More specifically, the court cannot determine how the fact finder resolved the disputed issue as to when the defendant terminated the contract, nor is it stated whether he found that, contrary to the evidence presented by the plaintiff, that the plaintiff did not perform work on scheduled equipment during the period from June to December 4, 2003."

The fact finder conducted another hearing on April 24, 2006, and filed a report on April 26, 2006, which included the following additional findings: (1) the Reynolds & Reynolds Company contract, which terminated the parties' contract, replaced all of the scheduled equipment except some printers; (2) the defendant admitted that work was performed by the plaintiff on the defendant's computer equipment during the period of June through December 4, 2003, as shown on the paid invoices and payment records in exhibits three and B; (3) exhibit four is a letter from the defendant to the plaintiff's counsel, dated April 14, 2004, in which the defendant admitted that it used the plaintiff's services on an as needed basis without a revised contract and expressed a desire to be billed for services provided; (4) also in exhibit four are the plaintiff's summary of its actual charges for services provided and service repair forms documenting these charges;[7] and (5) after eliminating the plaintiff's minimum two hour charges

---

[7] We note that the majority of the service repair forms address the plaintiff's repair of various printers during the time in question.

and mileage charges, as there was no agreement in effect to pay them, the debt due to the plaintiff from the defendant was $7644.53. The fact finder recommended that "[j]udgment enter in favor of the plaintiff in the amount of $7644.53 without the award of attorney fees, as the contract which provided for attorney fees was terminated by the replacement of the equipment in May, 2003."

The defendant filed a timely objection to the acceptance of the fact finder's amended report. The defendant, as permitted by Practice Book § 23-57, objected on the grounds that (1) the fact finder failed to address the issues for which the matter was remanded, (2) the conclusions of fact stated in the fact finder's report were not properly reached on the basis of the subordinate facts found and (3) the fact finder improperly ruled on its evidentiary objections. The court "considered the matters on the papers" and held that "[t]he fact finder's supplemental report does adequately address the issues which the court asked him to consider, and the court finds that there is a factual basis for his findings and conclusions." The court overruled the defendant's objection and rendered judgment in accordance with the fact finder's report, as amended April 26, 2006.

We must consider the defendant's claims according to the applicable standard of review. "Attorney fact finders are empowered to hear and decide issues of fact on contract actions pending in the Superior Court . . . . On appeal, [o]ur function . . . is not to examine the record to see if the trier of fact could have reached a contrary conclusion. . . . Rather, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. . . . This involves a two part function: where the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of

decision; where the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *Mastroianni* v. *Fairfield County Paving, LLC*, 106 Conn. App. 330, 335, 942 A.2d 418 (2008).

It has long been established under Connecticut law that "[p]laintiffs seeking recovery for unjust enrichment must prove (1) that the defendants were benefited, (2) that the defendants unjustly did not pay the plaintiffs for the benefits, and (3) that the failure of payment was to the plaintiffs' detriment. . . . Furthermore, the determinations of whether a particular failure to pay was unjust and whether the defendant was benefited are essentially factual findings for the trial court that are subject only to a limited scope of review on appeal. . . . Those findings must stand, therefore, unless they are clearly erroneous or involve an abuse of discretion. . . . This limited scope of review is consistent with the general proposition that equitable determinations that depend on the balancing of many factors are committed to the sound discretion of the trial court." (Citations omitted; internal quotation marks omitted.) *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283, 649 A.2d 518 (1994).

The fact finder's "determination of whether unjust enrichment is available as a means of recovery requires a factual examination, and the trial court's determination of the exact amount of recovery under the doctrine, namely, the value of benefit derived from the plaintiff's actions, is a question of fact." *David M. Somers & Associates, P.C.* v. *Busch*, 283 Conn. 396, 409, 927 A.2d 832 (2007). "The damages should equal the gain received by the defendant. . . . The contract price is evidence of the benefit to the defendant . . . but is not

conclusive. . . . In an unjust enrichment case, damages are ordinarily not the loss to the plaintiff, but the benefit to the defendant, for which the fact finder may rely on the plaintiff's contract price when the benefit is too difficult to determine." (Citations omitted.) *United Coastal Industries, Inc.* v. *Clearheart Construction Co.*, 71 Conn. App. 506, 514–15, 802 A.2d 901 (2002).

When a matter is referred to a fact finder, Practice Book § 23-56 (a) mandates that findings of fact be set forth in writing and in accordance with Practice Book § 19-8. The fact finder's report "shall state, in separate and consecutively numbered paragraphs, the facts found and the conclusions drawn therefrom. . . ." Practice Book § 19-8 (a). "While the reports of [attorney trial referees] in such cases are essentially of an advisory nature, it has not been the practice to disturb their findings when they are properly based upon evidence, in the absence of errors of law, and the parties have no right to demand that the court shall redetermine the fact thus found. . . . A reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. . . . This court has articulated that attorney trial referees and factfinders share the same function . . . whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. . . . Although it is true that when the trial court reviews the attorney trial referee's report the trial court may not retry the case and pass on the credibility of the witnesses, the trial court must review the referee's entire report to determine whether the recommendations contained in it are supported by findings of fact in the report. It is also true that the trial court cannot accept an attorney trial referee's report containing legal

conclusions for which there are no subordinate facts."
(Citations omitted; internal quotation marks omitted.)
*Killion* v. *Davis*, 257 Conn. 98, 102, 776 A.2d 456 (2001);
see also *Wilcox Trucking, Inc.* v. *Mansour Builders,
Inc.*, 20 Conn. App. 420, 423–24, 567 A.2d 1250 (1989),
cert. denied, 214 Conn. 804, 573 A.2d 318 (1990).

First, the defendant claims that the plaintiff did not
offer any evidence of the benefit allegedly received by
the defendant. The defendant acknowledges that the
plaintiff submitted service repair forms, over the defen-
dant's objection, on which it calculated what it would
be owed if the work were billed under the contract
terms but argues that because the plaintiff could
recover only under the theory of unjust enrichment,
the plaintiff should have presented evidence of the value
of the benefit received by the defendant.

The fact finder had sufficient evidence before it that
supported a judgment for the plaintiff on the ground
of unjust enrichment. The fact finder heard evidence
that the plaintiff completed repairs for the defendant
on numerous occasions for which it was not paid, and
the defendant acknowledged that it owed the plaintiff
money. The fact finder also had evidence regarding the
plaintiff's hourly rate, the prior agreement between the
parties and the defendant's prior payments to the plain-
tiff. Thus, the plaintiff provided sufficient evidence to
support a judgment of $7644.53.

Although the defendant's second argument, that the
fact finder did not make sufficient findings, has some
merit, it is not persuasive. We do not require that a
detailed report be made every time a trial court makes
factual findings in support of a legal conclusion. See
*Cookson* v. *Cookson*, 201 Conn. 229, 243–44, 514 A.2d
323 (1986). In cases involving fact finders, however,
the report submitted to the trial court must include
sufficient facts to support a recommendation. The court

cannot appropriately render judgment in accordance with facts found but not communicated. *Killion* v. *Davis*, supra, 257 Conn. 102. Although the referral of cases to fact finders is intended to create more streamlined access to justice, fact finders must take care with their responsibility of *finding facts* to which the courts may apply the law.

In this case, the fact finder supplied the bare minimum necessary for the court to render judgment appropriately. We can glean from the April 26, 2006 report that the fact finder found that the plaintiff provided the defendant with services as detailed by the service repair forms, that the defendant did not pay the plaintiff for its services and that the value of the services was $7644.53.[8] As such, the court did not improperly render judgment in accordance with the fact finder's recommendations.

The defendant's third claim is that the court improperly accepted the fact finder's report because it contained contradictory factual findings. Specifically, the defendant contends that the fact finder's award of $7644.53 is mathematically impossible considering its prior findings that the defendant's equipment was replaced and the plaintiff was not entitled to recover $5728.43 of its $8999.49 claim. We disagree.

We review the defendant's claim to determine whether the decision of the court was clearly erroneous. "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when

---

[8] We caution fact finders to avoid the confusion that comes from drawing conclusions without expressly finding each subordinate fact. Although the fact finder in this case did not exactly follow the direction of Practice Book § 19-8 (a), which we do not excuse, we do not find that the court's acceptance of the report was clearly erroneous. The fact finder could not have determined that there was a debt of $7644.53 due to the plaintiff without first crediting the plaintiff's testimony and finding that the plaintiff's rate was reasonable.

although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Hunting* v. *Chambers*, 99 Conn. App. 664, 670, 916 A.2d 56, cert. denied, 283 Conn. 901, 926 A.2d 669 (2007).

It is important to note that the court addressed the fact finder's second report as "supplemental" or "amended." The second report was completed after the fact finder conducted a new hearing and reconsidered the evidence and must, therefore, supersede the first as to any inconsistencies. The fact finder's second report clearly establishes that although most of the equipment mentioned in the parties' contract was replaced in May, 2003, some printers remained. Although the fact finder initially determined its award by subtracting the amount of the plaintiff's monthly fee from its total claim, after the second hearing, the fact finder calculated the amount owed the plaintiff by reviewing its service repair forms to determine the actual services provided to the defendant. Although the two reports are inconsistent, it is not impermissible, or even surprising, that different facts were found after the parties presented additional evidence and argument. There is sufficient evidence in the record to support the fact finder's award; it is not clearly erroneous simply because it differs from the findings made after the initial hearing.

## II

Finally, the defendant claims that the fact finder improperly admitted evidence. Specifically, the defendant claims that the fact finder improperly admitted and considered the plaintiff's service repair forms and Bevivino's unsolicited testimony.

General Statutes § 52-549r and Practice Book § 23-55 provide that the rules of evidence in civil cases apply

to matters submitted to fact-finding. In addition, General Statutes § 52-549p (c) empowers fact finders to "determine the admissibility of evidence and the form in which it is to be offered." The fact finder's rulings on evidence may be reviewed by the court on a party's objection to the acceptance of the finding of facts. Practice Book § 23-57.

A

The defendant asserts that the service repair forms were improperly admitted to prove a claim that is a material variance from those in the plaintiff's complaint. We disagree.

The plaintiff's complaint alleged in paragraph five of the breach of contract count that "[t]here remains an outstanding balance owed to the Plaintiff in the amount of . . . $8,999.49 . . . which represents outstanding invoices for the period of June, 2003 to December, 2003." That paragraph was incorporated by reference into the unjust enrichment count. The plaintiff also alleged in the unjust enrichment count that "[t]he Defendant has been unjustly enriched by the services performed by the Plaintiff on the Defendant's behalf. . . . The Fair Market Value of the services performed by [the] Plaintiff for the benefit of the Defendant is . . . $8,999.49 . . . ."

During the hearing before the fact finder on June 6, 2005, Bevivino testified that he provided, at the defendant's request, a copy of his individual service repair forms that state his mileage, arrival and completion times, the work completed and the hardware replaced on each service call. Bevivino testified that he usually sent an invoice because the defendant was covered by a maintenance agreement, but he "more or less kept those records for [himself] so [he] could keep track of how much it was actually costing [him] to do business." Bevivino also testified that he presented the defendant

with his service repair forms after they were requested in a letter. The defendant objected to the admission of the forms when they were offered to the fact finder, stating that there was no allegation in the complaint that "there were services provided outside the invoices submitted that were not paid for." The plaintiff argued that the service repair forms were detailed bills of the services the plaintiff actually provided and that they were submitted, along with a summary, to the defendant at its request.[9] The defendant maintained that the complaint referred only to the plaintiff's monthly invoices and did not extend to "his alleged records of work he performed . . . ." The fact finder overruled the objection and accepted the records. Bevivino testified that he had provided all of the services detailed in the service repair forms.

"The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise.' . . . The complaint is required only to fairly put the defendant on notice of the claims against him. . . . [T]he interpretation of pleadings is always a question of law for the court . . . . The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . Although essential allegations may not be supplied by conjecture or remote implication . . . the complaint must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the complaint is insufficient to allow recovery." (Citations omitted; internal quotation marks

---

[9] The plaintiff also submitted the letter from the defendant to the plaintiff's counsel requesting a "revised fair billing for services provided."

omitted.) *Lyons* v. *Nichols*, 63 Conn. App. 761, 764–65, 778 A.2d 246, cert. denied, 258 Conn. 906, 782 A.2d 1244 (2001).

"A variance is a departure of the proof from the facts as alleged. . . . If a variance is immaterial, it shall be wholly disregarded. . . . An immaterial variance is one in which the difference between the allegations and the proof is so slight and unimportant that the adverse party is not misled as to the charge he is required to meet or prejudiced in maintaining his defense on the merits of the case. . . . Therefore, an otherwise valid judgment will not be invalidated if a variance does not change the theory of the cause of action and if the party complaining of the variance was, at all times, in a position to know the true state of the facts." (Citations omitted; internal quotation marks omitted.) Id., 765–66.

The defendant claims that the fact finder improperly admitted the service repair forms because they were offered to prove a claim that was a material variation from those in the plaintiff's complaint. Construing the complaint "broadly and realistically," we conclude that it put the defendant on notice that the plaintiff was seeking payment for services performed by the plaintiff for the benefit of the defendant between June and December, 2003. Although the complaint states that the amount due "represents outstanding invoices for the period of June, 2003 to December, 2003," there is no basis for the defendant's position that the use of service repair forms to prove that the work was completed is a departure from the complaint's allegation that invoices were outstanding. Furthermore, the service repair forms were produced at the defendant's request two months prior to the hearing. We cannot say that the complaint failed to put the defendant on notice of the claims against it.

B

The defendant also claims that the fact finder improperly allowed and considered Bevivino's unsolicited testimony.[10] We decline to review this claim because the defendant failed to raise it in its objection to the acceptance of the finding of facts.

The defendant claims that Bevivino's unsolicited testimony was admitted improperly by the fact finder. The defendant claims that had the fact finder allowed the defendant to object properly, it would have objected that the evidence was irrelevant in accordance with Connecticut Code of Evidence §§ 4-1 and 4-2 and, moreover, that it was unduly prejudicial, constituted delay, a waste of time and needless presentation of cumulative evidence and should have been excluded under § 4-3.

In its objection to the acceptance of the finding of facts, however, the defendant failed to object to the

[10] The fact finder conducted a second hearing on April 24, 2006, and following the arguments, the plaintiff stated that Bevivino would like to address the fact finder. The defendant objected and began to state the reason for its objection; however, the fact finder interrupted and overruled the objection. Bevivino addressed the fact finder, stating: "Your Honor, the reason I'm pursuing this as vehemently as I am is because I'm telling the truth. The work I performed did happen. I'm having a hard time understanding that [the defendant's comptroller] would deny being aware of the bills that I sent to her on a monthly basis, and I also had spoken to [the defendant's assistant comptroller] about nonpayment several times. Check's in the mail. The other thing that just is very, very hard for me to understand is that I went out of my way for them on any given day at any request, and the fact of the matter is, is that no, [the defendant's comptroller], and no, [the defendant's assistant comptroller] were not privy to every phone call that was made to me from every different site. So, when someone from West Haven or somebody from a different satellite store would call me, I would go out there, and I would take care of the problem. That's what they hired me for. In the same respect, [the defendant's comptroller] is the comptroller of the Newburgh Nissan site, and the fact of the matter is, Your Honor, is that Newburgh Nissan continued to pay me because at that time right up until December 4, when I spoke to [the defendant's comptroller] about not being paid, no one in her dealerships knew as well as myself didn't know that my services and my maintenance contract was expired. Thank you for hearing me."

fact finder's consideration of Bevivino's statements.[11] Thus, the defendant did not provide the court with an opportunity to review its objection.[12] The defendant's lack of compliance with Practice Book § 23-57 precludes our review of its objection. See *Humiston* v. *Intervest Management Co.*, 17 Conn. App. 828, 829, 554 A.2d 296 (1989).

The judgment is affirmed.

In this opinion the other judges concurred.

[11] The defendant does not request any extraordinary means of review of its unpreserved evidentiary claim.

[12] The defendant did broadly object to the court that the fact finder "erred in rulings on evidence." The defendant, however, specifically mentioned only the fact finder's ruling on the service repair forms.