## O'CONNELL, FLAHERTY AND ATTMORE, LLC *v.*
## JAMES J. DOODY III
## (AC 30977)

Harper, Robinson and Dupont, Js.

1

Argued March 11—officially released September 21, 2010

*James J. Doody III*, pro se, the appellant (defendant).

*Pamela M. Magnano*, with whom was *Sandi Beth Girolamo*, for the appellee (plaintiff).

*Opinion*

DUPONT, J. The defendant, attorney James J. Doody III, appeals from the judgment of the trial court rendered in accordance with findings of fact made by a fact finder, attorney Kerry R. Callahan, in favor of the plaintiff, O'Connell, Flaherty & Attmore, LLC, and seeks

a new trial. On appeal, the defendant claims that the court (1) failed to render a timely decision in violation of General Statutes § 51-183b and (2) erred in numerous findings of fact.[1] We affirm the judgment of the trial court.

The record reveals the following facts and procedural history relevant to our resolution of the defendant's appeal. The defendant retained the plaintiff to represent him in postjudgment proceedings relating to his marriage dissolution action.[2] The plaintiff and the defendant

[1] The defendant also claims, as the third argument in his brief, that "the trial court ignored or failed to apply contract obligations between the parties, the direct result of which materially and adversely affected [the] defendant's right to a fair and impartial trial based upon the merits." To the extent that the defendant's claim relates to the fact finder's report, the plaintiff asserts that we should decline to review this claim because the defendant did not properly and timely raise any objections to the fact finder's report. It is uncertain from his brief whether the defendant is claiming that the fact finder, whose facts were adopted by the court and incorporated into the court's judgment, has improperly, as a matter of law, interpreted a provision of the parties' representation agreement or whether the defendant is claiming that the facts found by the fact finder were clearly erroneous and should not have been adopted by the court. Any legal conclusions reached by the fact finder have no conclusive effect on a court because the reviewing court is the arbiter of the law, and any legal opinions of the fact finder have no weight when reviewed by the court that did render judgment. See *Trade-Source, Inc.* v. *Kemper Construction, Inc.*, 96 Conn. App. 806, 810–11, 904 A.2d 210 (2006).

We decline to review this third issue because the defendant's brief is inadequate and devoid of any analysis as to the claim as stated by him. Furthermore, the defendant's brief does not make it clear whether his claim relates to an impropriety or improprieties of the fact finder or of the trial court. See *Statewide Grievance Committee* v. *Rapoport*, 119 Conn. App. 269, 280, 987 A.2d 1075 ("We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." [Internal quotation marks omitted.]), cert. denied, 297 Conn. 907, 995 A.2d 639 (2010).

[2] Prior to the present action, the defendant appealed to this court from the judgment of dissolution, of the Superior Court, denying his motion for modification of alimony and child support, which was affirmed. See *Doody* v. *Doody*, 99 Conn. App. 512, 914 A.2d 1058 (2007). The defendant was not represented by the plaintiff in that case.

entered into a representation agreement dated January 20, 2005. The plaintiff's complaint, filed October 23, 2006, sought payment for legal representation of the defendant. The defendant filed his answer, special defense and counterclaim on November 16, 2006. The case was referred to Callahan in accordance with General Statutes § 52-549n and Practice Book § 23-53.[3] On January 7 and March 24, 2008, the matter was tried before Callahan. On September 24, 2008, Callahan filed his memorandum of decision with the court. On October 14, 2008, the defendant filed a motion to reargue, claiming that Callahan's memorandum of decision was materially flawed and a gross miscarriage of justice. The motion sought a de novo hearing to readdress the

---

[3] General Statutes § 52-549n provides: "In accordance with the provisions of section 51-14, the judges of the Superior Court may make such rules as they deem necessary to provide a procedure in accordance with which the court, in its discretion, may refer to a fact-finder for proceedings authorized pursuant to this chapter, any contract action pending in the Superior Court, except claims under insurance contracts for uninsured and or underinsured motorist coverage, in which only money damages are claimed and which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in controversy is less than fifty thousand dollars exclusive of interest and costs. Such cases may be referred to a fact-finder only after the certificate of closed pleadings has been filed, no claim for a jury trial has been filed at the time of reference, and the time prescribed in section 52-215 for filing a jury trial claim within thirty days of the return day or within ten days after the issue of fact has been joined has expired."

Practice Book § 23-53 provides: "The court, on its own motion, may refer to a fact finder any contract action pending in the superior court, except claims under insurance contracts for uninsured and or underinsured motorist coverage, in which money damages only are claimed, which is based upon an express or implied promise to pay a definite sum, and in which the amount, legal interest or property in controversy is less than $50,000, exclusive of interest and costs. Such cases may be referred to a fact finder only after the pleadings have been closed, a certificate of closed pleadings has been filed, and the time prescribed for filing a jury trial claim has expired."

Neither party disputes that the case properly was referred to a fact finder or claims that there was no compliance with § 52-549n and Practice Book § 23-53 as to the amount in controversy or the filing of a certificate of closed pleadings or in any other respect.

matter. Oral argument was held on the defendant's motion to reargue, at which time the defendant admitted that a motion to reargue is not the proper method to challenge a fact finder's memorandum of decision. On November 19, 2008, the court treated the motion as an objection to the acceptance of the finding of the facts pursuant to Practice Book § 23-57 and denied the motion.[4] On October 22, 2008, the plaintiff then filed a motion for judgment, which the court granted on April 1, 2009. This appeal by the defendant followed.

I

The defendant's first claim is that the *trial court* failed to render its decision "within 120 days after the completion date of trial, in violation of . . . § 51-183b." We disagree.

To resolve the defendant's claim, we begin by setting forth the relevant legal principles and the standard of review. Section 51-183b provides: "Any judge of the Superior Court and any judge trial referee who has the power to render judgment, who *has commenced the trial of any civil cause*, shall have the power to continue such trial and shall render judgment not later than one

---

[4] The court's decision dated November 19, 2008, on the defendant's motion to reargue states: "The defendant admits during oral argument that his motion to reargue is not the proper way to challenge the fact finder's decision. If this motion is considered as an objection to acceptance of findings of facts pursuant to § 23-57 of the Practice Book, it is time barred." Practice Book § 23-57 mandates that objections to a fact finder's findings of fact must be filed within fourteen days after filing. The words of the court make clear that the court, following Practice Book § 23-57, treated the defendant's motion as an objection to the findings of the fact finder and that the motion improperly was filed more than fourteen days after the filing of the finding of facts. Therefore, the court denied the defendant's motion.

The court did not consider any matters of substance raised in the defendant's motion. In essence, the court overruled what the defendant agreed was an objection to the fact finder's report. See *TradeSource, Inc.* v. *Kemper Construction, Inc.*, 96 Conn. App. 806, 809, 904 A.2d 210 (2006). Thus, the fact finder's report could properly be considered by the judicial authority in accordance with Practice Book § 23-58.

hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section." (Emphasis added.)

In this case, the matter was referred to and tried before an attorney fact finder pursuant to Practice Book § 23-52 et seq. A judge of the Superior Court did not commence or try the case; the attorney fact finder commenced and tried the case. The plaintiff filed a motion for judgment, and the court rendered judgment pursuant to Practice Book § 23-58 (a) (1)[5] after a hearing had been held on the defendant's objections to the fact finder's memorandum of decision. The provisions of § 51-183b do not apply to the trial court under the circumstances of this case. See *Irving* v. *Firehouse Associates, LLC*, 95 Conn. App. 713, 718–21, 898 A.2d 270, cert. denied, 280 Conn. 903, 907 A.2d 90 (2006).

The defendant's argument juxtaposes the actions of the court with those of the fact finder. Specifically, the defendant in his brief is actually challenging the *fact finder's* filing of his memorandum of decision more than 120 days after the completion date of the fact finder's hearing and is not challenging the timeliness of the court's judgment.[6] General Statutes § 52-549r[7]

---

[5] Practice Book § 23-58 (a) provides in relevant part: "After review of the [fact finder's] finding of facts and hearing on any objections thereto, the judicial authority may . . . (1) render judgment in accordance with the finding of facts . . . ."

[6] Specifically, the defendant argues that "[i]n the present case, the *trial court* concluded its proceedings on March 24, 2008, and rendered its decision on September 23, 2008—fully one hundred eighty-three (183) days later." (Emphasis added.) The record reveals that the hearing was concluded before the *fact finder* on March 24, 2008, and the fact finder's memorandum of decision is dated September 23, 2008, and was filed with the court on September 24, 2008. The defendant has treated the fact finder as the trial court. A review of Practice Book §§ 23-52 through 23-59 makes clear that a fact finder does not render judgment following his or her findings, which is the sole prerogative of the courts, but allows the "judicial authority" to render judgment in accordance with the "finding of facts," among other options pursuant to Practice Book § 23-58.

[7] General Statutes § 52-549r provides: "In matters submitted to fact-finding a record shall be made of the proceedings and the rules of evidence in civil

and Practice Book § 23-56 (c)[8] require that within 120 days of the completion of the fact finder's hearing, the fact finder shall file findings of facts with the clerk of the court. The defendant made no objections at trial to the late filing of the fact finder's report. Even if the defendant were arguing a violation of the correct statutory provisions or rules of practice, he raises this unpreserved claim for the first time on appeal.[9] "To review

cases in this state shall apply. The fact-finders shall proceed to determine the matters in controversy submitted to them, and shall prepare and sign a finding of fact, which shall include an award of damages if applicable. Within one hundred twenty days of the completion of the fact-finder's hearing the fact-finder shall file the finding of fact with the clerk of the court together with sufficient copies thereof for the parties and their counsel."

[8] Practice Book § 23-56 (c) provides: "Within 120 days of completion of the fact finder's hearing the fact finder shall file the finding of facts with the clerk of the court with sufficient copies for all counsel."

[9] Although unpreserved, the claim raises the specter of a lack of subject matter jurisdiction, which cannot be waived by any party and also may be raised by a party or by the court sua sponte at any stage of the proceedings, including on appeal. See *Vanwhy* v. *Commissioner of Correction*, 121 Conn. App. 1, 7, 993 A.2d 478 (2010); see also *Buehler* v. *Buehler*, 117 Conn. App. 304, 315, 978 A.2d 1141 (2009). We conclude that subject matter jurisdiction exists. Section 52-549r provides in relevant part that "[w]ithin one hundred twenty days of the completion of the fact-finder's hearing the fact-finder *shall* file the finding of fact with the clerk of the court . . . ." (Emphasis added.) This language operates as a constraint not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it. See *Tele Tech of Connecticut Corp.* v. *Dept. of Public Utility Control*, 270 Conn. 778, 790, 855 A.2d 174 (2004) ("[W]e often have recognized a distinction between subject matter jurisdiction and the proper exercise of authority to act under a particular statute. . . . Although related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute. . . . Whereas [s]ubject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it . . . the authority to act refers to the way in which that power [to hear and to determine the controversy] must be exercised in order to comply with the terms of the statute. . . . We have maintained that [a] court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it . . . and, [o]nce it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action." [Citations omitted; internal quotation marks omitted.]).

claims articulated for the first time on appeal and not raised before the trial court would be nothing more than a trial by ambuscade of the trial judge." (Internal quotation marks omitted.) *DuBaldo Electric, LLC* v. *Montagno Construction, Inc.*, 119 Conn. App. 423, 443, 988 A.2d 351 (2010). Additionally, not only did the defendant fail to cite the correct statutory provision and rule of practice, he failed to provide any relevant legal authority to support his claim. See *Statewide Grievance Committee* v. *Rapoport*, 119 Conn. App. 269, 280, 987 A.2d 1075 ("We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." [Internal quotation marks omitted.]), cert. denied, 297 Conn. 907, 995 A.2d 639 (2010). We therefore decline to address any potential or implied claim of the defendant relating to any late filing of the fact finder.

II

The defendant's second claim is that the court erred in numerous findings of fact.[10] We decline to address this claim. The defendant was required to make his

The fact finder's late filing did not deprive the fact finder or the court of subject matter jurisdiction. Even though subject matter jurisdiction existed, the defendant's failure to challenge the court's substantive authority to adjudicate the merits of the case before it because of the court's acceptance of the fact finder's late filing is unpreserved, and we, therefore, decline to address this claim on appeal. See *Auerbach* v. *Auerbach*, 113 Conn. App. 318, 325, 966 A.2d 292, cert. denied, 292 Conn. 901, 971 A.2d 40 (2009).

[10] It is not certain whether the defendant is complaining of the facts found by the fact finder or of the court's judgment rendered pursuant to the fact finder's findings. The facts found by the fact finder were accepted by the court and formed the basis for the court's judgment in favor of the plaintiff. The defendant's second claim states: "The trial court misrepresents several facts that are material to the plaintiff's claim for additional compensation." On the basis of the defendant's brief, we conclude that it is the fact finder's findings about which the defendant complains, but to which he did not timely object, and not the court's judgment pursuant to those findings.

objections to the acceptance of the findings of fact within fourteen days after the fact finder's memorandum of decision was filed with the court. See General Statutes § 52-549s and Practice Book § 23-57.[11] The defendant's motion to reargue, which was construed by the court as an objection to the acceptance of findings of fact pursuant to Practice Book § 23-57, was filed late and therefore properly denied by the court for that reason alone. The defendant's failure to object timely to the fact finder's findings precludes him from now challenging those findings of fact on appeal. The defendant's lack of compliance with Practice Book § 23-57 precludes our review of his motion to reargue, even when treated as an objection to the fact finder's findings. See *Data-Flow Technologies, LLC* v. *Harte Nissan, Inc.*, 111 Conn. App. 118, 134–35, 958 A.2d 195 (2008), citing *Humiston* v. *Intervest Management Co.*, 17 Conn. App. 828, 829, 554 A.2d 296 (1989); see also *Seal Audio, Inc.* v. *Bozak, Inc.*, 199 Conn. 496, 508 A.2d 415 (1986); *Dorsen* v. *Kay*, 13 Conn. App. 645, 538 A.2d 1080, cert. denied, 208 Conn. 805, 545 A.2d 1102 (1988); *LiVolsi* v. *Pylypchuk*, 12 Conn. App. 527, 532 A.2d 593 (1987).

The judgment is affirmed.

In this opinion the other judges concurred.

---

[11] Practice Book § 23-57 provides: "(a) A party may file objections to the acceptance of a finding of facts on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the fact finder erred in rulings on evidence or in other rulings, or that there are other reasons why the finding of facts should not be accepted.

"(b) Objections must be filed within fourteen days after the filing of the finding of facts."